# CASES

# SUPREME JUDICIAL COURT,

# COUNTY OF WALDO,

## ARGUED AT JULY TERM, 1845.

### ALFRED MCALLISTER *versus* WILLIAM SIBLEY.

In an action of slander, wherein it was alleged, that the defendant charged the plaintiff with being guilty of the crime of perjury, and in which the defendant pleaded the general issue, and by brief statement alleged that the plaintiff, "after being duly sworn, did falsely and corruptly testify," in a certain manner stated, and that the statements so made by the plaintiff, were known to him at the time to have been untrue, "and that the plaintiff committed the offence of perjury on said trial;" if the defendant proves, that the plaintiff, upon the former trial, made statements as a witness from the place where witnesses usually stand when testifying, this is not conclusive evidence, that the oath was taken, and the plaintiff is not thereby estopped from denying that he was sworn, although such evidence may properly be taken into consideration by the jury in determining whether he was sworn, or in mitigation of damages, if the justification was not fully made out.

In such action, the brief statement of the defendant, wherein he alleges that "the plaintiff committed the offence of perjury," may be taken into consideration by the jury, with other testimony, as one of the facts, merely, from which they may infer, that the defendant did speak the words as set forth in the declaration.

It is the duty of jurors to listen to the arguments of counsel touching the facts in issue, as they are not supposed to have viewed the evidence in all the aspects in which counsel may present it. But if a juror says, " that the Judge would let in no more evidence, that he had made up his mind in the case, and that all he wanted was the Judge's charge, and that it did not make any odds what counsel said," without stating in whose favor he had made up his mind, it is not such misconduct in the juror as should require the Court to order a new trial for that cause.

THIS case came before the Court on exceptions to the ruling

of the Judge before whom the trial was had; and upon a motion for a new trial on account of certain alleged misconduct of some of the jurors.

The brief statement of the defendant, referred to in the exceptions, described the action, *Robinson* v. *Sibley*, stated the issue, and that the testimony of McAllister was material, and proceeded as follows: —

" And the said McAllister was called by the said Robinson to testify in said action, and after being duly sworn did falsely and corruptly testify that he, as agent for said Robinson, did, after said payment and redemption, demand of said Sibley the said note of $26, and that said Sibley declined and refused and neglected to give it up, and said McAllister omitted to state, and suppressed the fact wilfully and corruptly, that the said Sibley offered or expressed a willingness to give up the said note of $26, if he, the said McAllister, as the agent of said Robinson, would have received the same, and in no wise refused to give it up, and that he, the said McAllister, refused to receive or take the said note unless said Sibley would deliver up other notes with it; when in truth and in fact the said Sibley did offer to give up the said note of $26, and the said McAllister refused to receive the same, unless he, the said Sibley, would give up the other notes with it; of all which the said McAllister, at the time of his testifying in said action, was well knowing. And that the said McAllister committed the offence of perjury on said trial."

" EXCEPTIONS. — This was an action on the case for slander, alleging that the defendant accused the plaintiff of the crime of perjury. The defendant pleaded the general issue, and filed a brief statement of the truth of the words spoken in justification.

" The plaintiff introduced evidence tending to prove, that the defendant said, that at the trial of an action, Charles Robinson vs. Willian Sibley, before the District Court held at Augusta, Dec. Term, 1839, in which trial the plaintiff was a witness, he, the plaintiff, swore falsely, and that he committed perjury.

" The defendant on his part introduced evidence tending to

prove, that said McAllister did in fact swear falsely and corruptly on that trial. It was testified by several witnesses, that said McAllister was a witness in that trial for Robinson, and that he testified as a witness on the stand. It was in evidence, that he stood in the place, box, or stand, from which witnesses usually testified, and from which other witnesses in the same cause delivered their testimony. But the defendant did not produce any witness who was able to testify, that said McAllister was actually sworn by having an oath administered to him by the clerk, or Court, though there was no evidence that he was not so sworn. It was testified by one witness that defendant said to plaintiff, after that trial, "if you had not sworn falsely," or "if you had not sworn as you did, the case would not have gone as it did;" and it did not appear that plaintiff made any explanatory reply, such as that no oath was administered to him, but only replied, that he should take notice of what was said.

"Another witness testified, that said McAllister stated to him after the trial of said Robinson and Sibley case, that he testified in that action to certain facts, which he mentioned. Several witnesses testified, that said McAllister spoke at other times of what he swore to in the trial of the same case of *Robinson* v. *Sibley.*

"It was also testified, that said McAllister, as an agent of said Robinson, had demanded five notes of hand of said Sibley, which he held as collateral security for a debt due him, according to a receipt produced by the plaintiff, on this trial, one of which notes was for \$26,50; that the demand was made by McAllister after paying the note, for which the note for \$26,50, was held as collateral security; that said Sibley offered to let him have the said note for \$26,50, but not the others; that McAllister said his orders were not to take any, unless he had the whole, and refused to take one for \$26,50, Sibley declining to let him have the others. And in the said action, Robinson's right to recover for detaining said note for \$26,50, depended upon the question, whether said Sibley did so offer to let said McAllister have said note, and that he so refused to

receive it, or not.  And there was evidence tending to prove, that said McAllister testified in said action of trover, that said Sibley refused to let him have the said note.  And it was testified in this action by one of the plaintiff's witnesses, on cross-examination, that said McAllister was the only witness examined on that point, and that there was no other evidence touching it; that immediately upon his testifying touching that point, the Judge who tried the cause, ruled or suggested, that the action was maintainable on that testimony for the $26,50, but not for the other notes; and that said Sibley's counsel then said that the testimony was different from what he had expected, and would be defaulted for the amount of the $26,50 and interest, which was done, as shown by the copy of record.

" The counsel for the defendant contended, that the evidence was insufficient for the jury to find that the defendant charged the plaintiff with the crime of perjury.

" But if it was, and if, as the plaintiff's counsel contended, there was not sufficient evidence, that in the trial of *Robinson* v. *Sibley*, the oath was administered to McAllister before he testified, in that case, since the accusation made against him by defendant had special reference to his testimony in that action of *Robinson* v. *Sibley*, and was so stated by him at the time of speaking the words supposed to be proved, the accusation could not amount to a charge of perjury.  And that if said McAllister palmed himself upon the Court as a witness, and testified when not under oath, and by his testimony subjected said Sibley to a verdict against him, or a default, he was estopped from alleging or contending in this action, that the charge of swearing falsely in that action imported the crime of perjury, and this action could not be maintained.  And the counsel for the defendant requested the presiding Judge to instruct the jury in conformity with these positions.

" But SHEPLEY J. presiding at the trial, declined so to instruct the jury, and instructed them that they might take the defendant's brief statement into consideration, as a circumstance that might have some weight in their minds on the question, whether the defendant did charge the plaintiff with perjury before the

action was brought, although that alone would not be sufficient to establish that fact."

"And also, that although they might from the evidence be satisfied, that McAllister's testimony, delivered in the action of *Robinson* v. *Sibley*, was false and such as would make him guilty of perjury, if under oath, yet if the defendant failed to prove that an oath was actually administered to him in that trial, the defendant's justification was not made out, and the plaintiff would be entitled to their verdict, and to some damages; and stated to the jury, that the defendant had wholly failed to produce a single witness who had testified that McAllister was actually sworn. And that the burden of proof as to this point, was on the defendant, and he must be held to prove it to their satisfaction. The counsel for the defendant then requested the Judge to instruct the jury, that if the plaintiff, McAllister, actually testified as a witness in the action of *Robinson* v. *Sibley*, without informing the Court, or the parties, that he had not been sworn, he was in this action estopped from denying that he testified under oath, and they ought to presume him to have been under oath. And that, if not, it was competent for the jury to presume, and to find from the evidence in the case, that he was legally sworn, until the contrary was shown. The Judge then remarked to the jury, that he could not alter his instructions to them; and added, that he had not said, nor did he mean to be understood to say, that it was necessary that the defendant should produce a witness to testify, that he actually saw the oath administered. The Judge also instructed the jury, that if the defendant's justification failed solely on the ground, that the defendant had been unable to prove that McAllister had the legal oath administered in the trial of the case, *Robinson* v. *Sibley*, that they might take that fact into consideration in estimating the damages; for it would be evidence of great wrong on the part of McAllister, and he ought not to be entitled to so much damages; and that it would be competent for them to find very small, or even nominal damages. To which instructions and directions, the counsel for the defendant, the jury finding for plaintiff, excepts

and prays the Honorable Court, that this bill of exceptions, being found substantially correct, may be allowed and certified."

The foregoing exceptions were signed by the counsel for the defendant, and certified in the usual manner by the presiding Judge. He, however, made and signed with the exceptions a memorandum, of which a copy follows :—

" To prevent any misapprehension, it is proper to state, that the whole testimony is not here presented ; nor the whole instructions on the point of damages, or on other points, stated, but only so much of the testimony and instructions as may present the subject of complaint."

The facts in relation to the motion for a new trial will be sufficiently understood from the remarks on that subject in the opinion of the Court.

This case was argued at some former term by

*Ruggles* and *J. Williamson*, for the defendant — and by

*W. G. Crosby*, for the plaintiff.

*Ruggles* said, it was a common principle, that in civil actions, where matter of personal wrong is complained of, the plaintiff must come into Court with clean hands ; and that he cannot recover against good conscience and the justice of his case. 3 Burr. 1353 ; 1 Chitty on Pl. 486. If a man may falsely palm himself upon a Court as a sworn witness, deliver false testimony, and thereby produce an unjust verdict, and on being told by the injured party, believing that he was under oath, that he swore falsely, maintain an action of slander, it would be a reproach to the law, that should thus reward him for his turpitude. This part of the case is presented in three points of view. 1. If McAllister testified without taking the oath, the words used by the defendant, not necessarily importing perjury, did not amount to a charge of perjury. 2. McAllister is estopped from contending that the words imported perjury, having wrongfully omitted to take the oath, yet assuming to testify as a witness freed from the responsibilities of a witness. 3. If not so estopped, he is precluded by his own misconduct from denying that he was under oath. He cited *Sib-*

*ley* v. *Marsh,* 7 Pick. 38; 1 Campb. 245; 2 Stark. Ev. 876.; 5 Esp. R. 13; 3 Campb. 323; 4 Campb. 215.

The ruling of the Judge was erroneous in admitting the brief statement to be considered as evidence at all, under the general issue, of the speaking of the words. With the exception of two cases, the rule has been uniform, that the plaintiff cannot use one plea of the defendant for the purpose of proving a fact which the defendant denied in another. 5 Taunt. 228; 1 T. R. 125; 2 Phill. on Ev. (Amer. Ed.) 97, note; 2 N. H. Rep. 89; Big. Dig. 593, note; 5 Bac. Abr. 448; *Sperry* v. *Wilcox,* 1 Metc. 267. The decision in the excepted cases, *Jackson* v. *Stetson,* 15 Mass. R. 48; and *Alderman* v. *French,* 1 Pick. 1, he strenuously contended, had neither reason nor authority to support it.

*Williamson,* in arguing the motion for a new trial, cited 1 Cowen, 221, and note, and 432; 5 Cowen, 283.

*W. G. Crosby,* for the plaintiff, remarked that the plaintiff introduced testimony to prove, that the defendant had accused him of being guilty of the crime of perjury, and there rested his case. The burthen of proof was then upon the defendant to show that the plaintiff was guilty of the crime alleged; and to do this, he was clearly bound to prove, among other things, that he had made false statements under oath. It is not understood, that the instructions of the Judge thus far are objected to. The complaint is, that he did not give the additional instruction prayed for; and it is contended by the counsel for the defendant, that the plaintiff is estopped from requiring proof, that he was sworn. This position amounts only to saying, that when the defendant charges the plaintiff with the crime of perjury, and a suit is brought in consequence of it, and the defendant pleads that the charge is true, that he is not required by law to prove his plea, but may prevail without proving it. The charge of the Judge was extremely liberal to the defendant, in instructing the jury, that if the plaintiff made statements from the witnesses' place it would be evidence for their consideration in mitigation of

damages, although they might not be satisfied, that he was under oath. *Sawyer* v. *Hopkins*, 22 Maine R. 279; *Stone* v. *Clark*, 21 Pick. 53; *Carter* v. *Andrews*, 1 Pick. 16.

He thought the plaintiff had more cause of complaint, than the defendant, with respect to the ruling of the Judge, "that the jury might take the brief statement into consideration as a circumstance," &c. The Judge refused to consider the cases of *Jackson* v. *Stetson* and *Alderman* v. *French* to be law, and merely admitted the pleading of the truth of the words to be given in evidence as an act of the defendant, to go to the jury with other proof, to establish the fact, that the words were spoken. The counsel was not aware, that those cases had ever been overruled. The jury might properly inquire, whether the defendant would have pleaded that plea, if he had not spoken the words.

The opinion of the Court, SHEPLEY J. attending to the trial of issues to the jury in the County of Washington at the time of the argument, and taking no part in the decision, was drawn up by

TENNEY J. — This is an action for words, alleged to have been spoken by the defendant, charging the plaintiff with the crime of perjury.¹ The general issue was pleaded; and a brief statement filed, alleging the truth of the words.

The plaintiff attempted to prove, and introduced evidence for the purpose, that the defendant said, that at the trial of an action in favor of Charles Robinson against the defendant, in the county of Kennebec in 1839, in which trial the plaintiff was a witness, the plaintiff swore falsely and that he committed perjury.

The defendant introduced evidence to prove, that the plaintiff did commit perjury at the trial referred to; and several witnesses were examined touching the question, whether the plaintiff was under oath or not, when he testified. No witness stated that he saw the oath administered to the plaintiff, but it was in evidence, that when he testified, he occupied the witnesses' stand, and testified as a witness; and there was no

evidence that he was not sworn before he gave his testimony. It was in evidence, that after the trial, the defendant said to the witness, " if you had not sworn falsely," or " if you had not sworn as you did, the cause would not have gone against me" ; and it did not appear that any explanatory reply was made, such as that no oath was administered. It appeared also, that the plaintiff spoke of the facts, which he *testified* or *swore* to, at the trial.

The grounds taken for the defendant were : —

1st. If the plaintiff testified without taking the oath, the words used by the defendant, not necessarily importing perjury, did not amount to a charge of perjury.

2d. That the plaintiff is estopped from contending that the words imported perjury, having wrongfully omitted to take the oath, yet assuming to testify as a witness, freed from the responsibilities of a witness.

3d. If not estopped, he is precluded by his own misconduct from denying that he was under oath.

Before the plaintiff could entitle himself to a verdict, he was required to satisfy the jury, that the defendant had made the charge, as alleged in the writ. If the effect of the evidence introduced for the purpose was sufficient, and that it related to a charge made concerning his testimony given in the trial of the action of Robinson against Sibley, and there was no explanatory words used by the defendant in connection, the plaintiff had made out his case. That accusation necessarily embraced all the elements, which constitute the offence, and would occasion all the injury to the plaintiff, which such a charge in any form, coming from the defendant, was calculated to produce. If, however, there were other words used in connection at the time, showing that the defendant did not charge the plaintiff with having committed legal perjury, he could not be holden, unless special damages had been alleged and proved. For instance, if the defendant had said at the same time he uttered the offensive words, that the plaintiff was not under oath, or if that fact was well understood by all present, and the charge was made in distinct reference to the

evidence so given, the plaintiff was not in truth charged with the crime of perjury. But if the defendant had no suspicion at the time of publishing the words, and there was nothing said by any one that no oath was administered to the plaintiff on the occasion referred to, and he accused him of the offence, he surely ought not and cannot be exonerated on account of a doubt, which may have since arisen, whether the plaintiff was testifying under the sanction of an oath. The question arising under the general issue was not what offence was committed by the plaintiff, if the testimony given by him was untrue ; but of what offence did the defendant charge him, when he uttered the words complained of.

Did the Judge err in declining to instruct the jury, that the plaintiff was estopped from contending that the words imported perjury, on account of his having wrongfully omitted to take the oath, and yet assuming to testify as a witness, freed from the responsibility of a witness? This request must have been based upon the supposition, that the jury would find, that the plaintiff did wrongfully omit to take the oath, and did give testimony as a witness. Such an omission, we think, could not legally authorize the defendant to charge the plaintiff with the crime of perjury. He would be justified in stating the facts as they were, but by reason of that, he could not with propriety accuse him of what he was innocent. The commission of the crime of perjury is an entirely distinct offence from that of omitting to be sworn before testifying as a witness. And we know of no principle, which takes from a party the remedy for being accused of one offence, by reason of his having committed another and distinct offence. But the case presents no facts on which such a request could have been founded. There is nothing, which tends to show that evidence was introduced in order to satisfy the jury that the plaintiff wrongfully omitted to be sworn. If there was an omission to be sworn, that fact alone presupposes no wrong intention on his part, more than on the part of those who were interested and engaged in the trial. It does distinctly appear from the case, that there was no evidence adduced at the trial, that the

plaintiff was not sworn before testifying as a witness; consequently there could have been nothing to satisfy the jury that he was not qualified by taking the usual oath.

The plaintiff cannot be prejudiced, by having through his counsel, contended to the jury, that the defendant had failed to make out the justification in his brief statement. If the plaintiff had succeeded in proving that the accusation was made, he was required to go no farther. The defendant was at liberty to go to the jury with his case, as it was left by the plaintiff; or offer evidence to rebut that of his adversary, or take the ground indicated by his brief statement. If he undertook the latter, that defence could be made out only by showing that every material allegation was true. He had no right to expect, that the plaintiff would give facilities in doing this, or to omit to present to the jury in argument every defect in the evidence relied upon by him. Under this issue, no admission of any fact, necessary for its support, could be required of the plaintiff. The defendant voluntarily took upon himself this burden, and he cannot complain, because the plaintiff refused to aid him therein. It was material for him to prove under his brief statement, that the plaintiff had been sworn as a witness, and if he failed to do this, his defence was unsuccessful; and if the plaintiff had satisfied the jury that the accusation was made, he was entitled to some damage. But if the defendant had succeeded in showing that, the statements of the plaintiff at the trial of the action between Robinson and Sibley were false, and the plaintiff prevailed only by reason of doubts in the minds of the jury, whether an oath was administered, he certainly ought not to be subjected to the payment of great damages, and such was the remark of the Judge at the trial. The cases cited by the defendant's counsel on this branch of the case, we think not analogous to the action before us. They were those in which a party had held out by acts or declarations, or both, that certain things were true, which, being so, would subject him to some liability. He was not allowed to avoid that liability by proving facts inconsistent with his former acts and declarations. In the case

at bar, there is nothing which shows that the plaintiff represented in any manner, that he did not testify under oath, excepting that he required of the defendant legal proof of the facts alleged in his brief statement.

Exceptions are taken and relied upon, to the instruction to the jury that they might take the defendant's brief statement into consideration as a circumstance, which might have some weight in their minds, on the question, whether the defendant did charge the plaintiff with perjury before action brought, although that alone, would not be sufficient to establish the fact.

Rules of evidence cannot be disregarded in cases, where they are applicable. But there are often presented to the jury, circumstances attending the evidence, but which make no part of that, technically so denominated, and yet they may and do, have an influence upon the minds of the jury. This effect cannot be prevented, and there can be no legal rules laid down of a controlling character one way or the other in relation to such circumstances. A judge cannot demand of the jury their consideration of the matters referred to, neither can he forbid them to give their attention to them. Of this description is the conduct of a party, in reference to the proceedings at the trial of his action. If a defendant in an action upon a note of hand purporting to be made by him, should pronounce the signature a forgery, and introduce evidence of that fact, and at the same time should endeavor to prove, that he paid the note at maturity, without objection; the former point left in doubt, the course taken on the latter, would be a matter proper to consider in reference to the former.

Mr. Starkie, in his treatise on evidence, vol. 1, page 487, 488, says, "The presumption, that a man will do that which tends to his obvious advantage, if he possesses the means, supplies a most important test, for judging of the comparative weight of evidence; it is to be weighed according to the proof which it was in the power of one party to have produced and in the power of the other to have contradicted. If on the supposition of a charge or claim, unfounded, the party against

whom it is made has evidence within his reach, by which he can repel that offered to his prejudice, his omission to do so supplies a strong presumption, that the charge or claim is well founded. It would be contrary to every principle of reason, and to all experience of human conduct to form any other conclusion."

Mr. Justice Foster, in his discourses, vol. 3, c. 2, § 2, remarks, " it must be admitted, that mere *alibi* evidence lies under great and general prejudice and ought to be heard with uncommon caution, but if it appear to be founded in truth, it is the best negative evidence, which can be offered. The failure to support a defence of the kind just referred to, cannot make stronger the testimony offered in support of the prosecution; but it shows a willingness to resort to what is not shown to be true, which is a course not natural for an innocent party to take. In the case of *Millay* v. *Millay & als*, 18 Maine R. 387, which was for an assault upon the person of the plaintiff, and he exhibited at the trial marks of injury ; it was attempted to be proved by the defendants, that some of those marks were the consequence of another injury, than that which was in controversy, and the jury were allowed to consider whether the party had attempted to practice imposition upon the jury in presenting the marks, with the other evidence, which was conflicting. The instruction of the Judge was held proper by the whole Court, it not being a declaration of any legal rule, controlling the judgment of the jury.

If the defendant in the case before us had not uttered the words alleged, and there were the means of showing the real facts, as they took place, it is unnatural, that he should undertake to prove that perjury was committed by the plaintiff, when by a failure, he would be exposed to the payment of greater damages, than he would be upon a simple denial of his guilt. If it should however appear, that the evidence in support of the prosecution was of such a character, that no opportunity would seem to be presented, to rebut or explain it, this would perhaps sufficiently account for a defence, founded upon the alleged truth of the charge. The jury were allowed to give

the circumstance such weight as they might consider it to deserve and no more. It might be important, and it might be regarded as totally immaterial. We think the instruction was warranted by authority and principle.

The Judge was requested to instruct the jury, that from the facts shown by the defendant, to prove that an oath was administered to the plaintiff before testifying, they were authorized to presume that such was the case, though no direct evidence thereof was adduced. He had instructed them, that the burden was on the defendant to satisfy them of that fact, but that he did not mean to say, that it was necessary, that the defendant should produce a witness to testify, that he actually saw the oath administered. This was a matter of fact for the jury, and we see nothing erroneous in refusing to give the instruction in the terms requested.

A motion is made, that the verdict be set aside on account of alleged misconduct in two of the jurors, who sat in the trial. There is no positive proof of any want of the strictest propriety in Oliver I. Whitten, one of the jurors referred to in the motion. But if it were otherwise, all the objections to him, were made before the action came on for trial, with a full knowledge of the facts on the part of the defendant, and the juror having been examined touching the matter, was permitted to sit in the trial.

Evidence has been taken, that Rufus Whittam, another of the jury, said in reference to this case after the evidence was out, and before the argument of counsel, that " he had his mind made up, and whatever should be said would not alter it." The juror himself gives a different account of the conversation, and says the language used by him was, " that the Judge would let in no more evidence in the morning, that he had made up his mind about the case, all he wanted was the Judge's charge ; that it did not make any odds what counsel said ; and he believed this was all the conversation respecting the case." The import of the conversation, as detailed by the two witnesses, is not similar one to the other ; but we cannot disregard either. The juror states facts rather additional, than

contradictory to those of the other witness. They can be reconciled by supposing what often is the case, that the juror made remarks, which were not noticed, or were forgotten, by Mr. Patterson.

It is the duty of jurors to listen to the arguments of counsel touching the facts in issue. They are not supposed to have viewed the evidence in all the aspects, in which counsel may present it. The same facts often make a different impression upon the mind, after they have been placed in certain relations to each other, from that which was previously produced. But it would be strange if there were not many cases, wherein the minds of the jury were fully convinced before any thing was said in argument; but it does not therefore follow, that they had resolved to turn a deaf ear to the remarks of counsel.

It was not prudent in the juror to express himself as he did. It does not however appear, that he would not give due attention to the arguments, although he supposed the case so well understood by him, that they would avail nothing. There is nothing showing in whose favor he had formed an opinion, or that he had been influenced by any thing excepting the evidence in the case. If he speaks the truth, he was desirous of hearing the charge from the Court; and when that should be made he believed he should be prepared with an opinion, which would be satisfactory to himself without further aid. We do not think this so objectionable, as to make it proper to disturb the verdict therefor.

*Exceptions and motion overruled.*