## KNIGHT *v.* FOSTER.

*In an action for slander* the defendant cannot, under the general issue, prove that the words spoken were but a repetition of common reports, either to rebut malice or mitigate damages, nor can he for either purpose prove the truth of the words spoken.

Neither will he be allowed, for either purpose, to prove acts of the plaintiff tending to excite suspicions that the plaintiff was guilty of the crime charged, but stopping short of actual proof of such guilt; and, therefore, where the defendant offered proof of improper acts and conduct of the plaintiff, calculated to invite such remarks, and to afford just grounds to believe them to be true,—*Held*, that such evidence was rightfully rejected, although it was proposed to show that at the time the words were uttered, a public investigation was going on, involving an enquiry into the plaintiff's conduct, and was a subject of public remark.

Where actual malice is shown, the jury may award exemplary damages.

THIS is an action on the case, by Caroline C. Knight against Levi H. Foster, for slander, alleging the speaking of words importing a charge of fornication. The case was tried upon the general issue, and proof was offered of the speaking of such words, implying an unlawful intercourse with one Almond F. Cooper.

In mitigation of damages the defendant offered to prove improper acts and conduct of the plaintiff in connection with Cooper, calculated to invite such remarks, and afford just grounds to believe that the statements made by the defendant were true, but did not offer to show that such

acts and conduct took place in the defendant's presence, or were in any way connected with him; but that a suit was pending involving the plaintiff's conduct with Cooper, and a public investigation going on at the time the words were uttered, and was a subject of public remark; but the court rejected the evidence, subject to the defendant's exception.

The court also instructed the jury that if they found actual malice in speaking the words, they were at liberty to give exemplary damages—what the plaintiff ought to recover and the defendant ought to pay—to which ruling the defendant excepted; and the jury having returned a verdict for the plaintiff, the defendant moved for a new trial.

*Cushing,* (with whom was *Vose*), for the defendant.

1. It is, perhaps, somewhat difficult to draw the line between that evidence which is only admissible under a plea of justification, and that which may go in mitigation. It seems, however, to us that there are many cases where parties, by imprudent conduct, invite remark, and show that they do not regard what is said, and that in their own estimation it does not injure them. In such cases the evidence should go in mitigation of damages. *Pallett* v. *Sargent,* 36 N. H. 499; *Bradley* v. *Heath,* 12 Pick. 163; *McAllaster* v. *Sibley,* 25 Me. 474.

2. The doctrine in regard to vindictive damages seems to be now in such an unsettled condition as to justify and call for an examination of the authorities.

*Burke & Waite,* for the plaintiff.

1. The evidence offered in mitigation of the damages was rightly rejected. *Bodwell* v. *Swan,* 3 Pick. 376; *Brickett* v. *Davis,* 21 Pick. 404; *Watson* v. *Moore,* 2 Cush. 133; *Gilman* v. *Lowell,* 8 Wend. 573; *Warmouth* v. *Cramer,* 3 Wend. 396; *Petrie* v. *Rose,* 5 Watts. & Serg. 364. The ad-

mission of such evidence would be inconsistent with principles settled by the cases of *Dame* v. *Kenney*, 25 N. H. 318, and *Pallett* v. *Sargent*, 36 N. H. 496. The evidence offered tended to prove the truth of the words set forth in the declaration, and was, therefore, incompetent except under a plea of justification. See above cited authorities; also *Burk* v. *Miller*, 6 Blackf. 155.

2. We had supposed no rule better settled than that which allows exemplary damages to be given in cases where the actionable conduct of the defendant was wanton and malicious in fact. *Chesley* v. *Chesley*, 10 N. H. 327; *Whipple* v. *Walpole*, 10 N. H. 130; *Hopkins* v. *Atlantic and St. Lawrence Railroad*, 36 N. H. 9; *Greenleaf* v. *McColley*, 14 N. H. 303; *Symonds* v *Carter*, 32 N. H. 458; *Severance* v. *Hilton*, 32 N. H. 289; *Kinney* v. *Hosea*, 3 Harr. 397; *Pearson* v. *Lemaitre*, 5 Mann. & Gr. 700.

BELLOWS, J. Under the general issue in actions of slander, the defendant cannot prove the truth of the words spoken, to rebut malice or mitigate damages; nor can he, for such purpose, prove that the words spoken were but a repetition of a common report; *Dame* v. *Kenney*, 25 N. H. 321; not even when stated as such; *Mason* v. *Mason*, 4 N. H. 110. The same principles are recognized in *Pallett* v. *Sargent*, 36 N. H. 499, since which the law has been regarded as settled in this State. But the ground taken in the case before us is, that the defendant should have been permitted to prove improper acts and conduct of the plaintiff, calculated to invite the remarks charged upon the defendant, and to afford just ground to believe them to be true, although such acts and conduct of the plaintiff were not sufficient to prove actual guilt. In *Pallett* v. *Sargent* it is already settled that evidence calculated to excite suspicion, but not sufficient to prove the guilt of the plaintiff, is not admissible, under the general issue, to mitigate damages; and this, we think, is the

necessary result of the principle which excludes the proof of actual guilt.

The only remaining ground on which such proof can be urged, then, is to rebut malice. If admissible on that ground, it is difficult to perceive any sound principle upon which proof of actual guilt should be excluded, inasmuch as the proof of the latter would be quite as effectual to repel malice, as the proof of circumstances calculated to excite suspicions alone. Besides, the line which would determine what would be sufficient to prove actual guilt on the one hand, and only just grounds of suspicion on the other, would be difficult to find, and, from the nature of the case, could only be done by the jury.

The defendant's counsel contends that the acts and conduct which he proposed to prove, being calculated to mislead him and invite such remarks, were admissible in evidence. Had the offer been accompanied by a proposal to prove that these acts and conduct of the plaintiff were in the presence of the defendant, and done with a view to mislead him, and lay the foundation of a suit like the present, a very different question would have arisen. But no such suggestion was made; or that the acts were in the defendant's presence, or in any way connected with him.

There is nothing, then, to distinguish this from the ordinary case of an offer to prove circumstances of suspicion, stopping short of the proof of actual guilt, to rebut malice or mitigate damages. If the circumstances relied upon had affected the plaintiff's general reputation, the defendant, under the general issue, might show it, in mitigation of damages; but he would not be permitted to prove specific acts, out of which such general reputation had been established. For the one—the matter of general reputation—the plaintiff is supposed to be prepared, but not for the other. *Pallett* v. *Sargent*, 499. If such testimony is received, it must necessarily, we think, overthrow the authority of repeated decisions upon this subject.

Nor is the question affected by the fact that a public investigation was going on, touching the subject of the defendant's statements. It was no part of the defendant's offer that he was connected with this investigation in any such way as to make it his duty to speak upon the subject of the plaintiff's conduct, or to shield him from the imputation of malice, if his statements were untrue; and, so far as we can see, the reports springing out of such an investigation stand upon the ordinary ground; and if any one shall give countenance to such reports, by a repetition of them, he must do it at his peril, if the charges prove to be false.

We are aware that it has heretofore been held, by many learned judges, that malice may be rebutted by proof that the words spoken were but a repetition of a common report and were so stated at the time, but the law is now settled otherwise in New-Hampshire, and upon grounds that must be regarded as including the case before us. *Mason* v. *Mason*, 4 N. H. 110 ; *Dame* v. *Kenney*, 25 N. H. 322.

The views we entertain are sanctioned by the Massachusetts courts. In *Bodwell* v. *Swan*, 3 Pick. 376, the defendants proposed to prove that the wife had been led, by particular instances known to her, of improper conduct on the part of the plaintiff, in regard to men, both married and unmarried, and by reports, current in the town, of similar improprieties of conduct, to believe that the words spoken were true. The evidence was offered under the general issue, to rebut the idea of malice, and was rejected by the judge who tried the cause ; and his ruling was fully sustained by the whole court. *Watson* v. *Moore*, 2 Cush. 133, is to the same point.

The defendant's counsel relies much upon a suggestion of the learned Chief Justice *Perley*, in *Pallett* v. *Sargent*, to the effect that where the plaintiff's conduct had given the defendant just ground to believe that the statements he

made were true, there are authorities which hold that he may show this in mitigation of damages; and the judge cites *Bradley* v. *Heath,* 12 Pick. 163, and *McAllaster* v. *Sibley,* 25 Me. 474. But this remark, we think, will not bear the construction given to it by the defendant's counsel. In fact it lays down no doctrine, but refers to other cases. In the case of *Bradley* v. *Heath* the defendant was acting as one of the selectmen of Brookline, and, when the plaintiff voted, the defendant declared to the meeting that the plaintiff had put in two votes. The court held that, in his capacity as a public officer, it was his duty to call the attention of the meeting to such voting, and that no action would lie for it, if the words were spoken in good faith, in the discharge of this duty, and not with a malicious purpose to defame the plaintiff, by using the occasion as a colorable pretence. The court held that, to repel the charge of express malice or colorable pretence, the defendant might offer any evidence tending to prove that he was acting in good faith in the discharge of his duty, and evidence of probable cause for making the declaration was, therefore, held to be competent. This was merely to rebut the charge of using this occasion to propagate slanders against the plaintiff, and is no authority for the position that malice may be rebutted by showing just grounds of suspicion. The protection which the law affords to a person having a duty to perform, is withdrawn when it appears that he has used his position in bad faith, and as a means to circulate slanders. Whether he has so used it or not, is a question of fact for the jury, upon all the circumstances in the case; but there is nothing in the case of *Bradley* v. *Heath* that, in the slightest degree, countenances the idea that another person, having no duty to perform, could have offered evidence tending to prove circumstances of suspicion. On the contrary, the case is put upon the ground that the defendant had such duty. The principle is the same that would be applied in the

case of statements made in a complaint charging the commission of a crime, and a suit for libel in consequence. The question, then, would be, whether the prosecution was in good faith, or got up as a convenient vehicle for uttering slanderous stories, and without probable cause. In such cases evidence is received of probable cause for the complaint, for the purpose of rebutting any evidence of malice; as in *Remington* v. *Congdon*, 2 Pick. 310, and *Bodwell* v. *Osgood*, 3 Pick. 379. In this respect it would stand upon the same ground as an action for a malicious prosecution, which is ordinarily the most appropriate form of remedy. In ordinary actions for slander, malice in law is to be inferred from the publication of slanderous matter, the act being wrongful and without just excuse; but in actions for slander, *prima facie* excusable on account of the cause for publishing it, malice in fact must be proved. *Bromage* v. *Prosser*, 4 B. & C. 247. In *McAllaster* v. *Sibley*, 25 Me. 474, the charge was perjury, and one question was, whether the plaintiff was sworn when he testified, and, the witnesses not remembering, it was submitted to the jury on the evidence, that he testified on the witness stand, &c., and the judge remarked that, if the jury were inclined to find for the plaintiff, upon the ground of want of proof that the plaintiff was sworn, he ought not to be subjected to the payment of great damages. It is quite obvious, however, that this was not a point in this case, the verdict being, in fact, for the plaintiff, and the ruling on this point sufficiently favorable for the defendant.

In case of actual malice, the jury may award exemplary damages—what the plaintiff ought to receive, and the defendant ought to pay. *Symonds* v. *Carter*, 32 N. H. 466, *Fowler*, J.; *Whipple* v. *Walpole*, 10 N. H. 130, and cases cited; *Hopkins* v. *Atlantic & St. Lawrence R. R.*, 36 N. H. 9.

The exceptions are, therefore, overruled, and there must be judgment on the verdict.

Since the decision of this cause, the case of *Wetherbee* v. *Marsh*, decided in 1847, has been, for the first time, reported, in 20 N. H. 561.

Although it is much to be regretted that the views of the able and lamented chief justice who delivered the opinion in that cause, had not earlier been made public, yet we feel constrained to hold that the law must be regarded as settled in this State, in conformity with the decisions in *Dame* v. *Kenney* and *Pallett* v. *Sargent*. It may be considered, also, that when the case of *Dame* v. *Kenney* was decided, which was in 1852, the late Chief Justice *Gilchrist* was still upon the bench, and, considering the nature of that case, it may be safely presumed that the views of the chief justice were fully considered.