## THE PEOPLE v. COTTLE.

In criminal cases, it is a good ground of challenge of a juror, that he has expressed an opinion as to the guilt or innocence of the prisoner upon what he had heard at the time he expressed the opinion; and that at the time he so expressed it, he expressed no qualification.

The intention of the Legislature was to exclude from the jury box every one who had formed an unqualified opinion, or having formed an opinion, had expressed it without qualification.

APPEAL from the District Court of the Fifth Judicial District, County of Amador.

The appellant was convicted of murder in the Court below. On the trial, one of the jurors, on his examination as to bias and qualification, said, " I have not formed or expressed an unqualified opinion or belief as to the guilt or innocence of the defendant; but I have expressed an opinion in this case as to the guilt or innocence of the prisoner. My opinion was formed upon what I had heard. At the time I expressed it, I expressed no qualification whatever. The opinion I expressed depended on the truth or falsity of what I had heard. I had never heard any evidence in the case, and nothing but report."

The defendant challenged the juror; the Court overruled the challenge, the defendant excepting.

· *Robinson, Beatty & Botts*, for Appellant.

*Wm. T. Wallace, Attorney General*, for the People.

The opinion of the Court was delivered by Mr. Chief Justice MURRAY. Mr. Justice TERRY concurred.

On the trial of this cause in the Court below, one of the jurors stated

that "he had expressed an opinion in the case which was dependent upon what he had heard at the time he so expressed it, and that at the time he so expressed it, he expressed no qualification."

The statute of this State provides, that having formed or expressed an unqualified opinion, as to the guilt or innocence of the prisoner, shall be a ground of challenge.

It is argued by the Attorney General, that there is a difference between expressing an unqualified opinion, and the unqualified expression of an opinion; and so there is, if we resort to a verbal criticism, or mere metaphysical disquisition. It was not the intention of the Legislature to leave the rights of parties to rest upon so narrow and dangerous a foundation; their obvious intention was, to exclude from the jury box every one who had either formed an unqualified opinion, or having formed an opinion, had expressed it without qualification.

We are necessarily led to this conclusion, because, we are bound to presume that the Legislature had some settled design on this subject, and employed terms supposed to be apt to convey their meaning; otherwise, any one might intrude himself upon the jury, by declaring that the opinion which he had expressed, was qualified by him mentally at the time of expressing it, and it would be impossible ever to indict a juror for perjury, or exclude those who have expressed unqualified opinions on the case.

As before remarked, the purity of jury trials can only be upheld by removing from them all prejudice and pride of opinion; and it might be well, when we take into consideration how prone men are to maintain their opinions, and the natural sensitiveness of small minds to the fear of being considered weak and vacillating, to exclude those who had formed an opinion from the jury box altogether. No experienced attorney ever felt, in accepting as a juror one who had formed or expressed an opinion, "subject to be changed by the testimony," but that he had a prejudice to overcome in that juror's breast, and that he did not come to the jury box, as he should, an impartial man.

Judgment reversed, and new trial ordered.