## TAYLOR v. THE CALIFORNIA STAGE COMPANY.

Surprise at the testimony of a witness called by the adverse party, is no ground for a new trial, it not appearing that the party against whom the testimony was given had been misled by previous statements of the witness as to what he would testify.

In cases of conflicting testimony, newly discovered evidence, merely cumulative, is no ground for a new trial.

The remark of a juror during a recess of the trial, that there was no use in taking up time in trying to humbug the jury, and that the lawyer who made the shortest speech would win the case, was not such misconduct as will vitiate the verdict.

APPEAL from the Superior Court of the City of San Francisco.

The plaintiff brought his action for $20,000 damages for the break-

ing of plaintiff's legs caused by the overturning of one of defendants' stages, in which plaintiff was a passenger, by the careless and negligent conduct of the driver employed by the defendants.

The jury, on the trial in the Court below, found a verdict for the plaintiff for $5,000.

The defendants moved for a new trial on the grounds stated in the opinion of the Court, which was denied by the Court below, and defendant appealed. In support of the grounds of surprise and newly discovered testimony, the defendants refer to the evidence of one Rossiter, a witness for plaintiff. He testified that the driver was driving too fast for the condition of the roads; denies any knowledge that plaintiff had his leg hanging outside of the coach, or having ever made any statement to that effect, on which point the evidence on trial was conflicting. The defendants filed the affidavit of one Benton, averring that on the same day of the accident Rossiter had made such statements to him, exonerating the driver.

In support of the ground taken of misconduct of the jury, defendants file the affidavit of one of their counsel, setting forth that during a recess taken, pending the trial, one of the jury addressed the affiant and said that there was no use in the lawyers occupying so much time examining witnesses and trying to humbug the jury, and that the one who made the shortest speech would get a verdict. As to the amount of damages given, the plaintiff proved that he had been receiving a salary of $200 per month; that he had been laid up several months, and would probably be laid up for life, one leg being made shorter than the other, though there was some doubt raised by the evidence, whether the injury was not aggravated by injudicious treatment.

*J. Neely Johnson* for Appellants.

*G. F. & W. H. Sharp and E. Cook* for respondent.
Cited The People *v.* Superior Court of N. Y., 10 Wend, R., 292; Walker *v.* Wainwright, 16 Barb. Sup. C. Rep., (N. Y.) 480; Drake *v.* Palmer, 2 Cal. R., 277; Bartlett *v.* Hogden, 3 Cal. R., 55.

The opinion of the Court was delivered by Mr. Chief Justice MURRAY. Mr. Justice TERRY concurred.

The grounds relied on in the Court below for a new trial, were, first, surprise; second, newly discovered evidence; third, misconduct of the jury; and, fourth, excessive damages.

On the trial, one Rossiter was called as a witness for the plaintiff. On his cross-examination, he was asked if he had not, on a former occasion, stated to one Benton that the accident was not caused by the fault of the driver, and if the plaintiff had not had his leg on the outside of the coach at the time it was upset, he would not have been injured; to which he answered, he had not.

The appellants allege they were taken by surprise by the answer of the witness, having been led to believe that his testimony would be di-

rectly the reverse. If Rossiter had been called by the defendants, and it had appeared on the trial that he had misled them by statements of what his evidence would be, and the defendants relying on such representations, had not prepared themselves with other testimony, it might have been a proper case for the interference of the Court. But under the circumstances in which the witness presented himself, it was the duty of the appellants to be prepared for their defence.

It is not very material by whom he was called in this case, as the record shows that there was a conflict of testimony upon this point, and the jury might with propriety have found either way.

This view disposes of the second ground for new trial, viz.: newly discovered evidence, as the same matter was in controversy on the trial, and there was a conflict of evidence, particularly between the driver and the witness named. The testimony of Benton, as to what the witness had said, would have been merely cumulative, and therefore not a sufficient ground for new trial.

The conduct of the jury was not of a character to vitiate the verdict; it arose from ignorance or loquaciousness, and is not tainted with corruption, fraud, or willful misconduct; besides which, it is fully sustained by his own affidavit in support thereof.

The fourth ground, excessive damages, is not supported by the record, the whole question was submitted to the jury, and the amount assessed was not so outrageous as to shock the conscience of the Court, who tried the cause, or raise the presumption of passion or prejudice. Neither does it appear to us, that there was any abuse of discretion in permitting it to stand.

Judgment affirmed.