[3,292.]

## THE PEOPLE OF THE STATE OF CALIFORNIA v. GEO. C. BROTHERTON AND LEWIS C. BROTHERTON.

IMPLIED BIAS.—An unqualified expression of an opinion, even though the opinion itself be of a qualified character, is ground of challenge for implied bias.

SAME—WHEN CHALLENGE OUGHT TO BE ALLOWED.—When, after proper investigation had, doubts, more or less grave, as to the actual state of mind of the juror still remain, the challenge for implied bias should be allowed.

APPEAL from the Municipal Criminal, Court of the City and County of San Francisco.

The facts are stated in the opinion.

*G. W. Tyler*, for Appellant.

*Attorney General Love* and *District Attorney Murphy*, for Respondent.

By the Court, WALLACE, C. J.:

The prisoners, George and Lewis Brotherton, were convicted of the crime of forgery, and their motion for a new trial being denied they appeal from the judgment and from the order denying a new trial.

In impaneling the trial jury, one Butler was called and

examined as to his competency to sit as a juror. He stated, in answer to questions propounded by counsel for the prisoners, that he had read a newspaper account of a previous trial of the prisoners upon the same indictment; that he formed an opinion at the time that the prisoners were guilty; that he had expressed that opinion, and that he had not heard or read anything since then to change it. In his examination by the counsel for the prosecution, he stated that his opinion was formed not only from reading the newspapers, but also from conversations he had had with different parties, though these persons knew nothing more than what they had learned from general public rumor. Upon being examined by the counsel for the prisoners, he again stated that he had expressed his opinion. The counsel for the prisoners then challenged Butler for implied bias: First, because he had formed an unqualified opinion as to the guilt of the prisoners; second, because he had expressed that opinion. The challenge was overruled by the Court, and Butler was thereupon peremptorily challenged by the prisoners, whose peremptory challenges were exhausted before the jury was completed. It is too late, in this Court at least, to argue, as has been attempted by counsel for the prosecution, that the unqualified expression of an opinion, even though the opinion itself be of a qualified character, is not ground of challenge for implied bias. This position was distinctly taken and as distinctly overruled here fifteen years ago, in *People* v. *Cottle*, 6 Cal. 227, and the doctrine of that case has ever since then been approved; and in *The People* v. *Edwards*, 41 Cal. 640, referring to the case of *People* v. *Cottle*, supra, we used this language: "The statute declares that the unqualified expression of an opinion as to the guilt or innocence of the prisoner is ground of challenge for implied bias. When such challenge is interposed, it is no answer to say that in the mind or thought of the

party the opinion was qualified, if in the form of expression it was unqualified."

In *People* v. *Cottle,* 6 Cal. 228, one of the jurors, on his examination as to his competency, said that he had not formed or expressed an unqualified opinion as to the guilt or innocence of the defendant; that he had formed a qualified opinion, founded upon report merely, which opinion he had expressed, but that in expressing it he had not expressed any qualification. In that case Mr. Chief Justice MURRAY said: "It is argued by the Attorney General that there is a difference between expressing an unqualified opinion and the unqualified expression of an opinion, and so there is, if we resort to a verbal criticism, or mere metaphysical disquisition. It was not the intention of the Legislature to leave the rights of parties to rest upon so narrow and dangerous a foundation. Their obvious intention was to exclude from the jury-box every one who had either formed an unqualified opinion, or having formed an opinion, had expressed it without qualification." We are referred to the Act of March 30th, 1868 (Acts of 1867–8, p. 704), as prescribing a new rule on this subject; but upon careful reading of that Act it will be found that it refers to the *state of mind* of the juror alone, and does not touch the question of the effect produced upon his competency by his unqualified expression of an opinion. Under the rule established by the uniform and repeated decisions of this Court upon the point, we are constrained to hold that the overruling of the challenge made against Butler was an error entitling the prisoners to a new trial. It is proper, in this connection, to say that in no cases coming before this Court is there found to be more practical difficulty than in those involving questions of the mere state of mind of a juror upon a challenge for implied bias by reason of an opinion entertained as to the guilt or innocence of the accused. If the opinion, as formed, be qualified, then he is competent as against such a challenge;

but if unqualified, then he is incompetent. Experience, however, shows that in the majority of instances, even the most intelligent class of jurors are unable to distinguish the one from the other, for it is seen that when questioned by Court or counsel they often readily adopt the views suggested at the moment by either, rendering it difficult, if not impossible, for the trial Court to determine whether the challenge should be allowed or overruled. An inquiry made as to the state of the mind of a person upon a given point or a question as to whether the mind is merely impressed, and to what degree impressed, with the truth or falsity of a given proposition—whether an opinion upon the question has been formed at all, and if formed, whether that opinion is qualified in its character or is fixed and determinate. All these are, in themselves, inquiries of a highly metaphysical character, and when embarrassed, as they usually are, by a want of precision in the answers of the party inquired of, are frequently impossible of exact solution. Under such circumstances, and when after proper investigation had, doubts, more or less grave in their character, as to the actual state of mind of the juror still remain, it is better that the challenge, if insisted upon, be allowed, for by that course injustice can rarely be done the prisoner; and even should there be a technical error committed in allowing the challenge, a new trial will not for that reason alone be directed.

Judgment and order reversed, and cause remanded for a new trial.

Neither Mr. Justice RHODES nor Mr. Justice CROCKETT participated in this decision.