WARREN W. WINSLOW v. BEMAN H. CAMPBELL.

*Setting aside Verdict.*

The court refused to set aside a verdict because a letter not in evidence, went to the jury by mistake, but which the court regarded as having had no influence upon the verdict.

ASSUMPSIT upon a promissory note for $200, payable April 1st, 1870, and upon a contract for the purchase of a farm by the defendant of the plaintiff, executed October 21, 1869. Pleas, the general issue and a special plea in bar, and notice. Trial by jury, December term, 1873, BARRETT, J., presiding.

The plaintiff gave said note and contract in evidence, and introduced evidence tending to show that the defendant had refused to take the farm according to the contract. The contract price of the farm was $2,100, and said note was given at the time of the execution of said contract, as security for the fulfilment of the contract on the part of the defendant, and as liquidated damages for his non-fulfilment thereof. The plaintiff executed a similar note to the defendant at the same time, for the same purpose.

The defendant introduced evidence tending to prove, that at the time of the trade, the plaintiff falsely represented as to the quantity of hay said farm would produce, and as to the quantity of wood and timber thereon, and that the defendant had never refused to take a deed of the farm. The plaintiff introduced evidence to the contrary. No deed of the farm was ever tendered to the defendant, and the plaintiff's evidence tended to prove that at a

time in the month of March, 1870, when the parties met at the house of one A. W. Bigelow, in Barnard, the defendant notified the plaintiff that he would not take a deed of the farm and complete the contract of purchase. This was denied by the defendant. There was considerable testimony as to what was said and done at the time of this meeting, and considerable conflict in the testimony in this respect, and also as to the time of said meeting; the defendant's testimony showing it earlier in the month of March than the plaintiff's testimony.

During the trial, the defendant introduced a letter. from the plaintiff to himself, dated March 7, 1870, which was read to the jury. On the same sheet there was a letter of the same date, from said Bigelow to the defendant, of the following tenor: " Mr. Winslow is at my house to-day, and wishes me to write you in regard to your and his affairs about the farm. Winslow claims that he has not broken the contract, and does not mean that you shall. I shall be at home the first of next week, and any time previous to that time. Please write Winslow whether you will be at my place, and oblige." The plaintiff procured Bigelow to write this letter, but the same was not introduced in evidence. During the argument, the defendant's counsel proposed to read said last mentioned letter to the jury, and to comment upon it; but the court informed the counsel, in presence of the jury, that the letter was not in evidence, and could not be used by him. Said letter went to the jury with the other letter, by mistake, and was before them in their deliberations; for which reason the plaintiff moved to set aside the verdict, which was against him. But the court, not being satisfied that said letter had any influence upon the jury in arriving at their verdict, overruled the motion, and rendered judgment on the verdict for the defendant; to which the plaintiff excepted.

*W. C. French*, for the plaintiff.

The verdict should have been set aside. Bigelow's letter improperly went to the jury, and must have had an influence on their verdict. The turning point in the case was as to the time of the meeting of the parties at Bigelow's house, and what took place there. The jury could use Bigelow's letter in corroboration of

the defendant's testimony as to the earlier time in March, of the meeting of the parties at Bigelow's house, and thus discredit the plaintiff's testimony. The counsel for the defendant regarded it as material, and *proposed to read it to the jury*, and this especially called the jury's attention to it. The rule seems to be well settled at the present day, that if a material paper goes to the jury by mistake, or any paper not given in evidence, which is presumed to have an influence on their verdict, their verdict will be set aside. *Peacham* v. *Carter*, 21 Vt. 515 ; *Whitney* v. *Whitman*, 5 Mass. 405 ; *Page* v. *Wheeler et al.* 5 N. H. 91 ; *Handley* v. *Call*, 27 Me. 35 ; *Alger* v. *Thompson*, 1 Allen, 453. If a paper was designedly delivered to the jury, whether material or not, the verdict will be set aside. *Page* v. *Wheeler et al. supra; Hix* v. *Drury*, 5 Pick. 296. It is presumed that the jury read and considered the paper, unless the contrary appear. *Hix* v. *Drury*, *supra*.

*J. J. Wilson*, for the defendant.

Bigelow's letter was immaterial to the matter in issue, and could have had no bearing upon the minds of the jury. Every intendment is to be made, to sustain a verdict; and it is the duty of the excepting party to show affirmatively that error has intervened. *Elkins* v. *Parkhurst*, 17 Vt. 108 ; *Barber* v. *Britton & Hall*, 26 Vt. 112 ; *Wheatley* v. *Waldo*, 36 Vt. 237. The court will not reverse a judgment, even if there is error, if it appear that the jury decided the case upon other grounds. *Fitch* v. *Packhard*, 16 Vt. 150. If the paper was not material, it would not vitiate the verdict. 1 Swift Dig. 802. Whether the jury were influenced or not by the letter, was a question of fact, of which the county court were the sole judges, and their result in this respect cannot be revised here. *Wheatley* v. *Waldo, supra*.

The opinion of the court was delivered by

PIERPOINT, Ch. J. This case comes up upon exceptions to the refusal of the county court to set aside the verdict, and grant a new trial, on the motion of the plaintiff, based upon the fact that a letter written by Bigelow was, by mistake, allowed to go into the hands of the jury among the papers that they took when they

retired to make up their verdict, the letter not having been put in evidence upon the trial. This, we think, would furnish a legal ground for setting aside the verdict, if it could reasonably be supposed that the letter could have had any influence upon the minds of the jury in coming to the conclusion which they did.

It appears that some time in the month of March, 1870, the plaintiff and defendant came together and had an interview in respect to the matters in controversy in this suit. What took place at that interview, was a material point, and the parties, in their testimony, were at variance in respect to it; they also varied as to the time in March when the interview took place, one testifying that it was earlier in the month than the other, but it does not appear that either fixed the time definitely. It is conceded on both sides that it was wholly immaterial to the issue at what time that interview took place. But it is claimed by the plaintiff that anything that would tend to show that one of the parties was right as to the time, would be likely to give a preponderance to the testimony of that party, as to the material matters about which they differed. Now this is a matter about which all men are so liable to be, and so often are, mistaken, and honestly mistaken, that in a case like the present, where neither pretends to be exact, a mistake by the one or the other, would not be likely to have much, if any, weight upon the minds of the jury in determining which of the two was right in respect to the material matters involved. But if this was otherwise, we do not see how the letter in question could have aided or influenced the jury in determining which was right as to time. There is nothing in the letter that refers to a meeting that had taken place, or that fixes any time for a meeting in the future. For aught that appears, the letter is just as consistent with the statements of one party as the other. It is true, this court cannot see exactly how the case appeared in the county court; but, as the application was made to that court, where all the facts and circumstances that were developed on the trial, were well known, and that court having refused to set aside the verdict, we see no sufficient legal grounds for reversing the decision.

Judgment affirmed.