# THOMAS JEWSBURY *et al.*

### *v.*

## CHARLES O. SPERRY.

1. EVIDENCE—*relevancy as to execution of note put in issue.* Where the execution of a promissory note is put in issue by plea verified by affidavit, and on the trial of that issue it incidentally appeared that the plaintiff was, for a time after the date of the note, in the service of one of the supposed makers, proof that plaintiff's services were worth a certain sum a year, is wholly irrelevant, and it is error to admit the same.

2. NEW TRIAL—*misconduct of jurors.* If jurors, pending a trial and after part of the evidence is heard, and before the case is fully submitted, discuss the merits of the case publicly in the presence of others, stating there is no merit in the defense, and that they will find for the plaintiff without regard to defendant's argument or the instructions of the court, their conduct will be so improper as to call for a new trial.

APPEAL from the Circuit Court of Morgan county; the Hon. CYRUS EPLER, Judge, presiding.

Messrs. DUMMER & BROWN, for the appellants.

Messrs. KETCHAM & TAYLOR, for the appellee.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

This was an action, brought by Sperry, against Thomas and Richard Jewsbury, upon a supposed promissory note, alleged to have been executed and delivered by the defendants to plaintiff, for $500, payable in three months, with interest at the rate of ten per cent per annum.

The execution of the promissory note was put in issue by plea verified by the affidavit of the defendants. This was the only issue of fact in the case. On the trial, it was incidentally proven that the plaintiff was, for a time after the date of the note, in the service of Thomas Jewsbury. Plaintiff called as a witness one Rapp, who testified that the services of Sperry as a harness maker were worth $900 a year. To this testimony, when offered, appellants objected, as not relevant to the issue. The court overruled the objection, and permitted the

testimony to go to the jury. This was clearly erroneous. It is not perceived in what respect this testimony could have any legitimate bearing upon the question of whether the appellants ever delivered the note in question.

It is also insisted that the court erred in refusing to grant a new trial, and this upon two grounds—first, that the verdict is claimed to be clearly against the weight of the evidence, and second, by reason of the misconduct of two of the jurors.

The verdict does seem to be against the weight of the evidence. The only possession of the note claimed by appellee, consists in the fact that the note was written on a leaf of a small blank-book belonging to appellants, and, after the note was signed by the appellants, the book was left in a desk in the store, or shop, of Thomas Jewsbury, and that appellee being employed by Thomas to make collections for Thomas, in that connection had access to that book, and had it in his hands and inspected it. This possession of the desk and book by appellee was *prima facie* a mere possession as the agent of Thomas, and therefore was the possession of Thomas Jewsbury. The book contained other notes, confessedly the property of Thomas, and there is no ground apparent for assuming that appellee's possession of these other notes in the book was other than a possession merely as agent of Thomas Jewsbury.

The conduct attributed to the two jurors in question (if as stated in the affidavits made in support of the motion for a new trial) was highly improper, and furnished good ground for a new trial. It was alleged that these jurors, pending the trial, and after part of the proofs were heard, and before the case had been fully submitted to the jury, publicly, in the presence of several other persons, discussed the merits of the controversy, and that each of them said, in substance, that there was no merit in the defense, and that he would find for plaintiff, no matter what argument might be made by counsel or what instructions should be given by the court. On the other hand, the affidavit of the jurors is to the effect that their discussion of the subject was after verdict had been rendered,

and what they said related to the past impressions on their minds pending the trial, but not expressed until after.

Inasmuch as a new trial must be granted on account of the irrelevant testimony admitted on the trial, it is not necessary that this court should pass upon the weight of the evidence found in this record, or decide what is the truth as to the alleged misconduct of the jurors.

The judgment is reversed, and the cause remanded for a new trial.

*Judgment reversed.*