## O. C. CLEMENT *v*. MOSES SPEAR.

*Trespass. Interest whether allowable in determining damages in actions of Tort. New Trial. Juror, disqualification of. Costs.*

1. Whether interest, *eo nomine*, is allowable in ascertaining the damages in actions of tort or not, all the authorities agree that the lapse of time from the commission of the wrong to the time of recovery may be considered in determining the damages.
2. But in this case the exceptions do not show that the jury added interest to the value of the heifer at the time of the conversion; and the judgment below is affirmed.
3. NEW TRIAL. *Disqualification of juror from expression of opinion.* The trial occupied a part of two weeks. When the court adjourned on Saturday it strictly cautioned the jury, not to converse with any one about the case during the recess. But one juror on his way home was inquired of,

26

how the case was coming out, and replied: "Clement is going to beat." The plaintiff and his friends were entirely free from fault. It did not appear that the defendant had been especially injured by the juror's misconduct. While the court severely censured the juror, it refused to grant a new trial,—only a small amount involved, and the misconduct not so gross, that public policy required it. Costs were not allowed.

4. JUROR'S TESTIMONY may be used to uphold a verdict, but not to impeach it.

TRESPASS and trover for the conversion of a heifer. Plea, general issue; and trial by jury, June Term, 1882, Orange County, ROWELL, J., presiding. Verdict and judgment for the plaintiff to recover $32 damages and costs. The only exception was to the charge of the court, which was as follows :

" In actions of this kind interest as such is not allowable, as it is upon a note that reads ' with interest,' or upon a debt created by contract; but in assessing damages, the jury may look at the lapse of time for the purpose of seeing how much the plaintiff ought to recover, if anything, between the taking, the conversion, and the time of trial. One way of getting at the amount of damages the plaintiff would be entitled to recover; if at all, would be to determine how much the heifer was worth at the time of the alleged taking, and add to that the interest thereon from that time to the present. That would be one way of determining what the plaintiff now ought to recover by way of damages; but interest as such, and by that name, cannot be recovered."

The exceptions did not state what course the jury took as to interest in determining the damages. There was a petition for new trial. The other facts are stated in the opinion of the court.

*S. B. Hebard*, for the plaintiff.

*A. M. Dickey, G. A. Dickey*, and *Charles H. Heath*, for the defendant.

The opinion of the court was delivered by

Ross, J. I. Whether interest *eo nomine*, is allowable in ascertaining the damages in actions of tort, is a subject on which the authorities are in conflict. 2 Hill. Torts 134; *Lindsey*

v. *Danville*, 46 Vt. 144. All agree that the lapse of time from the commission of the wrong to the time of recovery, may be considered by the jury in determining what sum will fairly compensate the party for the injury received. Whether it is called interest or damages for the detention of the compensation which should have been paid at the time the wrong was inflicted, makes no difference. In *Thrall* v. *Lathrop*, 30 Vt. 307, and *Grant* v. *King et al*, 14 Vt. 367, both actions of trover, without discussion by counsel or the court, it is generally said, that the value of the property at the time of the conversion with interest thereafter is the rule of damages. Generally interest *eo nomine* is applicable to a principal sum of money which is not paid when due. (See Roberts' Digest, TITLE INTEREST). The charge by the County Court, doubtless, is, philosophically speaking, an exact statement of the law on this subject. At least it contains no error of which the defendant can complain, as it does not appear that the jury added anything to the value of the heifer at the time of the conversion, in assessing the damages.

On the exceptions the judgment of the County Court is affirmed.

II. The defendant claims that a new trial should be granted him on his petition therefor, for the misconduct of one of the jurors during the trial. It appears that the trial occupied a part of two weeks. When the court adjourned on Saturday, it strictly cautioned the jury not to converse with any one about the case during the recess. While on his way home the juror fell in with two men interested in the case, apparently for the defendant, and they inquired what case was on trial. On being informed by the juror, one of them further inquired how the case was coming out. The juror replied, " Clement is going to beat." On being inquired of what made him think so, he said he would not say anything further, that he was one of the jurors and the court had charged him not to talk about the case. This is what the petitioner's testimony shows. It is to be observed that the juror did not say that he thought Clement ought to beat, although what he said perhaps implied that, inasmuch as no ver-

dict could be rendered for the plaintiff without his concurrence. The juror's opinion might be as to what he thought the action of the other jurors would be, and be based on what he had observed or heard from them. He may have, for the moment, forgotten the charge of the court. It would rather seem that he did, as he recalled the fact so quickly and refused to talk further. His conduct, from whatever cause arising, was most reprehensible, and if he alone were to suffer from it this court would not hesitate to visit upon him the payment of the judgment and costs in the case. The petitioner took the juror's testimony. The petitioner objects to its use. The general rule is that a juror's testimony may be used to uphold the verdict, but not to impeach it. Under this rule we think the juror's testimony admissible. From his testimony it appears, uncontradicted, that he and two other jurors were for a recovery by the defendant, and that he was the last to yield to the views of the majority, and then only to save the expense of a re-trial of a small case. From this testimony, it appears that the juror in the opinion, if his own, then expressed, was not so firmly fixed, but that he was open to change and conviction by the further evidence of the defendant in support of his contention in the case; and that the misconduct of the juror really worked the defendant no harm. Whether the party petitioning has been harmed by the misconduct of the juror is largely determinative, but not wholly, of whether a new trial should be granted. The misconduct may be so gross that public policy would require the court to set aside the verdict, although the petitioner did not show it was particularly harmful to him. *Carlisle* v. *Sheldon,* 38 Vt. 440; *McDaniels* v. *McDaniels,* 40 Vt. 363; *Peacham* v. *Carter,* 21 Vt. 515; *Winslow* v. *Campbell,* 46 Vt. 746.

The plaintiff and his friends were entirely free from fault in regard to the misconduct of the juror. The expression was unwittingly called out by those friendly to the petitioner. The case is small in the amount involved, and expensive to the parties and the State. As the petition is addressed considerably to the discretion of the court, while we emphatically condemn the mis-

conduct of the juror, we do not think that the petitioner has shown that he has been especially injured thereby, and that neither the interest of the parties nor of the State require that we should reopen the litigation. The petition is dismissed, but considering the occasion the petitioner had for bringing it, without costs to either party.