MARY A. KAUL *et al.*, Appellants, *vs.* LEWIS BROWN *et als.*,
Executors, Appellees.

When a juror misbehaves by publicly expressing his opinions of the case while the
evidence is unfinished, courts will, unless the misconduct is very gross or has been
participated in by the successful litigant, exercise discretion to grant a new trial, or
to refuse it, as they think justice requires.

When, after such misbehavior on the part of a juryman, a verdict was rendered
which the court approved, and it did not appear that the juror was prejudiced when
the trial began, a new trial was refused.

APPELLANTS' petition for a new trial.

*Providence, April* 29, 1890. DURFEE, C. J. This is an appeal
from a decree of the Court of Probate of Newport admitting the
will of John C. Stacy to probate. A trial to the jury in this court
resulted in a verdict sustaining the will. The appellants petition
for a new trial on three grounds, to wit: *first,* because the verdict
is against the evidence; *second,* because of newly discovered evi-
dence ; *third,* because two of the jurors misbehaved. The case is
before us on this petition.

The will was executed in due form. The testator was of sane
mind, though weakened by illness, when he executed it. The claim
is, that it was procured by undue influence in favor of certain lega-
tees and devisees not akin to him. Two of these were Lewis Brown
and John Howard, intimate personal and business friends of the
testator, who died unmarried ; a third was John Stacy Brown, son
of said Lewis and namesake of the testator ; and the fourth, Lewis
Brown, Jr., likewise a son of said Lewis, to whom the will gave a
legacy of $500. Lewis Brown and John Howard were appointed
executors to act without compensation. The estate was large, and,
notwithstanding the gifts to said four persons, there was enough
of it left to enable the testator to provide liberally for his kindred.
We cannot say that the will appears on its face to be either unrea-
sonable or inofficious. There is no direct proof of the exercise of
any influence to procure it. It was in evidence, however, that the
testator had been frequently heard to say that the law made the
best will, or that the law made a good enough will for him ; that
said John Howard and Lewis Brown or others friendly to them had
exhibited a desire to have him make a will, and had opportunities

to influence him; and it was argued that the inference was, that the will was the product of their influence. The will, however, departs from the disposition which the law would have made of the estate not only in said gifts, but also in its provisions for the kindred, and in this latter respect bears the marks of careful deliberation and design. The testator lived a year and nine months after making the will, recovering in a great degree from his illness, and had ample opportunity to revoke or change it, if any advantage had been taken of his weakness to procure it. It seems to us that the verdict is according to the evidence, and that there would be more reason for setting it aside if it were the other way. We do not think the newly discovered testimony, which is mainly cumulative, affords any sufficient ground for a new trial.

The two jurors charged with misbehaving are Benjamin W. H. Peckham and Stephen P. Durfee. The appellants submitted in support of the charge the affidavit of one Millard F. Sherman, who kept a lunch-room in Newport to which said jurors resorted for lunch. He deposes that they there discussed the evidence and merits of the Stacy will case while it was on trial, and while the testimony was going in; and that Peckham, who spoke at the greater length, "stated that he was in favor of sustaining said will, and that he would vote to sustain said will. His manner was positive and emphatic, and his manner indicated a strong determination." The affiant further deposes that Durfee afterwards said to him that Peckham was indiscreet in making the statement; that he, Durfee, did not think it was right, and for this reason did not say much. Said Peckham's affidavit has been taken in reply. He denies having discussed the evidence or the merits of the case, or having made statements as declared in Sherman's affidavit. Durfee's affidavit has not been taken and presumably therefore would not corroborate Peckham's if taken.

Assuming that Sherman's affidavit is fairly correct, ought we to grant a new trial? The question is grave, for Peckham's conduct on such an assumption was very reprehensible. The mischief of such expressions is, that they tend to commit the mind of the juror uttering them to a foregone conclusion. Nevertheless they are not always regarded as sufficient ground for new trial. In the following cases such expressions were deemed sufficient: *Wiggin*

v. *Plumer*, 31 N. H. 251 ; *Jewsbury* v. *Sperry*, 85 Ill. 56 ; *Blalock et al.* v. *Phillips*, 38 Ga. 216 ; *Pettibone* v. *Phelps*, 13 Conn. 445. In the following cases, expressions similar or quite as strong were thought to be insufficient: *Harrison* v. *Price*, 22 Ind. 165 ; *Commonwealth* v. *Sallager*, 4 Pennsylvania Law Journal, 511 ; *Martin & Yates* v. *Tidwell & Favor*, 36 Ga. 332 ; *McAllister* v. *Sibley*, 25 Me. 474 ; *Taylor* v. *The California Stage Co.* 6 Cal. 228 ; *Clement* v. *Spear*, 56 Vt. 401 ; *Carter* v. *Ford Plate Glass Co.* 85 Ind. 180 ; *Jordan* v. *The State*, 22 Fla. 528.   In *Harrison* v. *Price*, a juror, pending trial while the jury were separated for dinner, asked a stranger how he thought the case would go, and, the stranger answering that, judging from the appearance of the jury, he thought it would find for the plaintiff, rejoined, " Yes, by God, I know it will," and afterwards the jury did find for the plaintiff. In *Commonwealth* v. *Sallager*, a juror, during recess, expressed the opinion that the defendant was guilty.   In *Clement* v. *Spear* the words complained of were, " Clement is going to beat."   In *Jordan* v. *The State*, a juror, during recess before the evidence was closed, said in the presence of several persons, " Fisher gained Anthony Johnson's case yesterday, but I will be damned if he gains this one."   Fisher was a witness for the defendant, and had been a witness for said Johnson the day before.   The marginal note, which seems to sum up the views expressed by the court fairly, is as follows : " An expression of opinion by a juror during a recess of the court, while the trial is still pending, as to the guilt of the prisoner, while reprehensible, is not a sufficient cause to set a verdict against him aside, unless it appear from such expression that such juror had a previous opinion, irrespective of that derived from the evidence submitted."   In *Carter* v. *Ford Plate Glass Co.* the law is stated thus: " The misconduct of a juror, in order to be sufficient to justify the granting of a new trial, must be gross, and must have resulted in probable injury to the complaining party."   See, also, *Berry* v. *De Witt*, 23 Blatch. 544 ; *Chicago & Eastern R. R. Co.* v. *Holland*, 122 Ill. 461 ; Proffatt on Jury Trial, §§ 388, 389 ; Thompson & Merriam on Juries, §§ 365, 366.

The truth seems to be, that there is no unvarying rule, but that courts, unless the misconduct is very gross or has been participated

in by the successful party, exercise their discretion and grant or refuse a new trial as they think justice requires. In the case at bar, so far as appears, the offending juror entered upon the trial without bias or prepossession, and formed the opinion uttered by him while listening to the testimony, which, except the formal proof, had at the time come solely from the petitioners' own witnesses. The remark was made to a fellow-juror. We suppose it not unfrequently happens that jurors change their minds, as the trial proceeds from stage to stage, without settling to any final conclusion until they retire to their jury room. The fault here is, that the offending juror disclosed the impression which he had at a particular stage; but, from what we know of the subsequent course of the trial, we see no reason to think that the verdict would have been different if he had kept it to himself. The verdict as rendered has our entire approval. The affiant Sherman deposes that the juror expressed hmself very emphatically, which, it is argued, indicates a mind closed to conviction. We do not think this is clear. Emphatic modes of speech are largely matters of temperament, and impulsive minds, much addicted to them, are frequently less obstinate than the more cautious and self-contained.

*Petition dismissed.*

*Nicholas Van Slyck & Patrick J. Galvin,* for appellants.
*William P. Sheffield & Francis B. Peckham,* for appellees.