## WASHINGTON COUNTY.

Thomas P. Clarke *et ux.*, Appellants, *vs.* The Town Council of South Kingstown, Appellees.

Oliver Watson *et al.* Appellants, *vs.* Same.

Pending a jury trial a juror remarked, out of court, that he had "no doubt the case would go for the town."

*Held*, that the remark though improper was not reason for granting a new trial.

A town council in its decree declaring a highway necessary need not specify the width of the proposed highway.

A highway was laid out in part over land of the State and the lay out was accepted by the town council before the assent of the State was obtained.

*Held*, that the acceptance was voidable not void and that the subsequent assent of the State ratified the acceptance against all parties.

On receiving the report of the committee of lay out of a highway the town council ordered notice for a hearing thereon and subsequently rescinded this order and ordered notice for a hearing on a later day, when the report was approved.

*Held*, that the action of the town council was proper.

Discrepancies merely clerical between the report of a committee of lay out and its accompanying plat are in law unimportant, especially when the highway has been staked out; so, too, is the omission of the word feet after figures on a plat when the plat shows that the figures indicate feet.

Appellants' petition for a new trial.

The appellants appealed to the Court of Common Pleas from the action of the Town Council of South Kingstown in laying out certain highways. After verdict in favor of the appellees the appellants filed motions in arrest of judgment which were overruled. The appellants then filed in this court their petitions for a new trial.

*Providence, May* 27, 1893. Matteson, C. J. We cannot consider the appellants' petition for a new trial, in so far as it is based on alleged erroneous rulings at the trial, for the reason that the statement of exceptions accompanying it was not presented to the justice who tried the cause within the time required by rule 29 of the rules of practice.

We do not think that the remark of the juror complained of is a sufficient ground to entitle the appellants to a new trial. The allegation is that during the progress of the

trial, before the testimony for the appellants had been put in, one of the jurors made a remark out of court that he had no doubt that the case would go for the town. The remark was a mere expression of opinion of the juror. There was nothing in it to indicate any prejudice on the part of the juror against the appellants which would prevent him from listening to and considering the testimony in favor of the appellants, or to show that he had so conclusively made up his mind in relation to the merits of the case that it would not be changed by further evidence, or by arguments of counsel, or the instructions of the court. Though the remark was improper, it was much less objectionable than remarks of jurors which have been held insufficient to warrant the setting aside of a verdict. *Jackson Adm'r* v. *Smith*, 21 Wisc. 26, 27; *Foster* v. *Brooks*, 6 Ga. 287, 297; *Taylor* v. *The California Stage Company*, 6 Cal. 228–230; *Harrison* v. *Price*, 22 Ind. 165, 168.

The first ground of the motion in arrest of judgment was, because by the vote of the town council of December 8, 1890, said highway "not exceeding three rods in width" was adjudged necessary, and because the highway as laid out and reported to said town council and accepted by them was four rods wide in a large part thereof, and because no such highway as that laid out, reported and accepted was ever adjudged necessary by the town council. The original or preliminary decree of the town council adjudged it necessary that a new highway should be laid out, specifying its initial and terminal points and describing the route which it was to follow, "not exceeding three rods in width." At a meeting of the town council on February 9, 1891, a decree was made rescinding that portion of the decree of December 8, 1890, fixing the width of the new proposed road at not "exceeding three rods in width," leaving the rest of the decree to stand as originally made. The question presented, therefore, is whether a decree of a town council adjudging a highway to be necessary must also define the width which it is to be laid out. This question was considered in *Boston & Providence Railroad Corporation* v. *Lincoln*, 13 R. I. 705. The conclusion

reached was that the decree of a town council declaring a highway to be necessary need not specify the width of the proposed highway.

The second ground of the motion in arrest was, because it appears by the files and records in the cause that said highway was laid out over land belonging to the State of Rhode Island without the consent of the State. The contention is that the lay-out was null and void because it is necessary that the lay-out as reported shall be accepted as a whole, and that as the town council had no power to lay out the highway over the land of the State, the consent of the General Assembly was a condition precedent to the layout and, therefore, necessary to give it validity. While it is undoubtedly true that the consent of the General Assembly was necessary to give validity to the proceedings of the town council so as to enable it to open the highway, we do not think that it was necessary to obtain that consent prior to the acceptance of the lay-out. Without it, the acceptance of the lay-out was, in our opinion, at most voidable, not void. It depended for its validity on the subsequent consent of the General Assembly. If that consent had been refused the proceedings must have failed; but as it was given, the acceptance by the town council became binding not only against the State but against all other owners of land through which the proposed highway passed.

The third ground of the motion in arrest was that no legal notice was given by the town council of the hearing on the report. The report of the committee was presented February 23, 1891, and notice was ordered for hearing thereon March 23, 1891. For some reason which does not appear, the town council on March 9, 1891, rescinded its order of notice for a hearing on March 23, 1891, and on the same day ordered notice for a hearing on the report April 13, 1891, on which date, it appearing that the notice ordered had been given, a hearing was had and further consideration of the report referred to April 18, 1891, when the report was accepted and approved. The objection is that there was no continuance of the report from February 23 to March 9, and that in-

terested parties could not know on which date to attend.    It
does not appear that the appellants were misled, or that they
did not have full opportunity to attend and be heard.    More-
over, it does not appear that anything was done under the
first order of notice, and if no notice was given or attempted
to be given, it is difficult to see how any one could be misled.
The town council did not lose jurisdiction over the proceeding
by the failure to consider it on March 23, 1891, the date
originally appointed.    It was entirely competent for them to
rescind the first order of notice for any reason which seemed
to them sufficient, and to order a new notice for a hearing
on another day.

The fourth ground of the motion in arrest was because of
the many discrepancies between the report of the committee
and the plat of the highway accompanying the report, and
because the width of the highway through the land of the
heirs of Luke Clark is not fixed or mentioned by the report,
but is left wholly indefinite.    The discrepancies which, it is
claimed, vitiate the proceedings are, *first*, that in the report
the sign (″) indicating seconds is used in describing the
courses in all cases except one, while in the corresponding
courses on the plat, the sign (′) indicating minutes is used;
and, *second*, that in several instances there is a variation in
the distances as given in the report and as stated on the plat.
We do not deem these discrepancies, which were doubtless
clerical errors, sufficiently serious to vacate the proceeding,
since the highway, as shown both by the report and the plat,
has been marked out on the land and monuments have been
erected or set in the ground which are delineated on the plat
and referred to in the report; so that it is not probable that
there will be any difficulty in determining the true courses
and distances, or in defining the lines of the highway as laid
out.

The width of the highway through land of the heirs of
Luke Clark, though not stated in the report, is clearly in-
dicated on the plat as 49.5 feet.    The plat is to be regarded as
a part of the report.    The appellants suggest that there is
nothing on the plat to indicate whether the width 49.5 means

feet, yards or rods.    It is apparent, however, from an inspection of the plat and a comparison of the width as indicated with other distances on the plat that these figures indicate feet and not yards or rods.

We find no error in the ruling of the court below, overruling the motion in arrest of judgment.

The petition for new trial is denied and dismissed, with costs.

*Albert B. Crafts*, for appellants.

*Dexter B. Potter & Nathan B. Lewis*, for appellees.