Nov. Term, 1860.

FLATTER
v.
McDERMOTT.

---

## FLATTER *v.* McDERMOTT.

An award, rendered in an arbitration, entered into under the provisions of chapter 3, p. 227, of the Code of 1852, is void unless a copy thereof is delivered, by one of the arbitrators, to each of the parties or left at his last usual place of residence, within fifteen days after the signing of such award.

Where separate demurrers are filed to several paragraphs of an answer, and are passed upon by the Court collectively, an exception to the ruling of the Court is sufficient, without stating that it was taken to the decision upon each particular paragraph.

APPEAL from the *Blackford* Common Pleas.

WORDEN, J.—It appears by the record that there was a suit pending in the Court below, between *McDermott* and

Wednesday,
*December* 19.

*Flatter*, though the record in that case constitutes no part of the record of this. The cause thus pending seems to have been submitted to arbitration, the parties entering into bonds for that purpose. The cause was not submitted under the provisions of § 22 of the act to Regulate Arbitrations, &c., 2 R. S. 1852, p. 232, as there was no rule of Court to refer the matters in controversy, nor were the arbitrators chosen in open Court, as provided for in that section. The case stands like any other arbitration, where no suit is pending in relation to the matter submitted. The bond of submission provided for making the award a rule of the Court below. Upon the award being returned, in favor of *McDermott* against *Flatter*, a rule was taken against the latter to show cause why judgment should not be entered on the award.

*Flatter* appeared and for cause, among other things, alleged that no copy of the award had been left at the residence of either party, or delivered to them within fifteen days after the award was made. To this cause, thus shown, a demurrer was sustained and *Flatter* excepted. Final judgment was rendered on the award in favor of *McDermott*.

The ruling of the Court on the demurrer was erroneous, as is settled in the case of *Coats and Others v. Kiger,* 14 Ind. 179. It was there held that an award, the arbitration being entered into under the provisions of the statute, is void unless a copy thereof is served on the parties in accordance with the provisions of § 11 of the act on that subject.

*Per Curiam.*—The judgment is reversed, with costs.

*Neff & Brownlee*, for appellant.

*Walter March*, for appellee.

Note by *Worden*, J.—After the foregoing opinion was prepared, the counsel for the appellee filed an additional brief, making the point that the exception was not properly taken. There were nineteen causes set up, in the same number of separate paragraphs, why judgment should not be entered on the award. Separate demurrers were filed to each. These demurrers were all sustained except three. The demurrer to the paragraph averring the omission to furnish copies of the award, was sustained in connection with the other fifteen; to which ruling, the record informs us, by a bill of exceptions, the appellant excepted at the time. The objection made to the exception is, that it was taken generally to the ruling on the whole sixteen demurrers,

and not separately to the ruling on each. We are of opinion that the exception was well taken. It covered the ruling upon all the demurrers as fully, as if a separate exception had been taken upon each.

The reasons for the application of a different rule in reference to exceptions, taken to instructions given by the Court to a jury, do not apply here. The validity of each pleading depends upon its own averments, and, when tested by demurrer, must stand or fall by itself. When it is passed upon, the ruling is not again brought in review before the Court below, on a motion for a new trial. *Kent* v. *Lawson*, 12 Ind. 675. Errors in instructions to a jury must thus be reviewed by the Court below on such motion, or the error is waived. A general exception to charges given, might not call the attention of the Court below, on the motion, to the particular point in which error is supposed to exist; hence the necessity of excepting specifically, and not generally. *Robinson* v. *Hadley*, 14 Ind. 417. Where separate demurrers are filed to different paragraphs of an answer, the demurrer to each calls the attention of the Court to each particular paragraph; and, upon the demurrers being sustained as to some, an exception to the ruling seems to be entirely sufficient, without stating that it was taken upon the decision upon each particular paragraph.