## STUTSMAN v. BARRINGER.

Action to recover damages occasioned by back-water from a mill dam. The jury were sent in charge of the sheriff to view the premises, and spent the night at the defendant's house. In the morning, five of them separated themselves from the rest, without the leave of the sheriff, and were gone

May Term,
1861.

STUTSMAN
v.
BARRINGER.

about half an hour, for the purpose, as they alleged, of examining the timber below the mill.

*Held*, that though the jurors may have acted improperly, yet as it does not appear that they were tampered with, or that their conduct interfered with an impartial investigation of the cause, it was not sufficient reason for annuling their verdict.

*Tuesday,*
*June* 11.

APPEAL from the *Elkhart* Common Pleas.

DAVISON, J.—This was an action by the appellant, who was the plaintiff, against *Barringer*, to recover damages for backwater on his land, occasioned by the mill dam of the defendant. Answer by a general denial; verdict for the defendant. New trial refused, and judgment. The record shows that the Court, at a proper stage of the proceedings in the case, directed the jury to proceed, under the charge of the sheriff, to view the premises alleged to be injured by the "backwater;" that in the evening of *November* 13, 1857, the sheriff conducted the jury to the house of the defendant, within a short distance of the place to be viewed, in order that they might, next morning, proceed without delay to view the premises; that said jury remained at the defendant's house during the night, and on the next morning, before viewing said premises, five of them, viz., *S. M. Pease*, *William Cawley*, *John W. Plenk*, *Henry G. Davis*, and *D. B. McCann*, without the assent of the sheriff, separated themselves from the other jurors, and went down *Yellow Creek*, below the defendant's mill, and remained absent about half an hour. When the jurors returned, they informed the sheriff that they had been down the stream for the purpose of examining the rings upon the trees growing in the bottom, below the mill. Afterward, the jury viewed and examined the plaintiff's land, at the point alleged to be injured, &c.

It is insisted that the above named jurors, by separating themselves from their fellow jurors without the assent of the sheriff, were, under the circumstances, guilty of misconduct sufficient to annul the verdict. We think otherwise. The jurors who absented themselves may, in doing so, have acted improperly; but it does not appear that any attempt had been made to tamper with them, nor does it appear that their conduct in the slightest degree, or in any manner whatever,

interfered with the full and impartial investigation of the cause.

The other assignments of error relate to the sufficiency of the evidence; but these assignments can not be noticed, for the plain reason that the evidence given on the trial is not in the record.

*Per Curiam.*—The judgment is affirmed, with costs.

*J. A. Liston,* for the appellant.