## WHELCHELL v. THE STATE.

MURDER—INDICTMENT.—It is not absolutely necessary that the part of the body struck by the ball should be specified in an indictment for murder. *Cardell* v. *The State*, 22 Ind. 1, followed.

SAME—AIDING AND ABETTING.—As to counts for aiding and abetting, see opinion.

NEW TRIAL—MISBEHAVIOR OF A JUROR.—The misbehavior of a juror, to be ground for new trial, must be gross, and probably have injured the complaining party.

INSTRUCTIONS.—*French* v. *The State*, 12 Ind. 670; and *Polk* v. *The State*, 19 Ind. 170, followed.

WITNESS.—A defendant is not a competent witness in his own behalf in a criminal case.

APPEAL from the *Howard* Common Pleas.

*Per Curiam.*—An indictment was found against *Davis W. Whelchell* for the murder of *William Eshleman*. Under the decision in *Cardell* v. *The State*, 22 Ind. 1, we think the

first count in the indictment was good. It was not absolutely necessary that the part of the body struck by the ball should be specified. The indictment contained a second count against *Lewis Elliston*, as an aider and abettor. This count we think was good. See as to counts for aiding, etc., *Ulmer* v. *The State*, 14 Ind. 52; *United States* v. *Mills*, 7 Peters' Rep. 138; *United States* v. *Lanber*, 6 McLean, 598. *Whelchell* was convicted and sent to prison for life. The defendants were tried separately. The defendant *Elliston* was a witness against *Whelchell* on the trial of the latter. It was sought to corroborate him, and a question arises as to the corroboration in this case.

*Elliston* states that he and the deceased were hunting; that *Whelchell* accidentally joined them in the hunt. All had guns. He says, in the night, while they were all by a camp-fire together, *Whelchell* shot *Eshleman;* gave him, *Elliston*, $250, being half the money found on *Eshleman's* body; buried the body; burned the clothes stripped from it; hid *Eshleman's* gun, etc.; when the two left for their homes.

*Eshleman's* body was found, as described by *Elliston;* and, as he admits he was present and witnessed the murder and the disposition of the dead body, he of course could point out those circumstances accurately; and the finding of those facts to be as he related them would corroborate his statement, as against himself, that he witnessed the murder. But no person saw *Whelchell* in company with *Elliston* and *Eshleman*, either during the day preceding, or during the night of the murder; no marks about him tend to connect him with it, while *Elliston* and *Eshleman* were seen together during the day, and at the camp, where the murder was committed, during the night; and marks connect *Elliston* with the murder, such as having *Eshleman's* money, the wound by the bullet which caused *Eshleman's* death being such as would have been made by the bullet used in *Elliston's* rifle, etc.; and the question is, not whether *Eshleman* is dead, etc.; but

who killed him? Circumstances indicate *Elliston;* but he, by his words, charges that *Whelchell* did the deed. Now, that is the charge against *Whelchell* by *Elliston;* and any thing that tends to corroborate him in that charge is proper evidence against *Whelchell.* Suppose *Elliston* had testified to his age, and a witness had been called to corroborate him as to that? Misbehavior of a juror was alleged as a ground for a new trial. Following the case of *Harrison* v. *Price,* 22 Ind. 165, we think the misbehavior not such as entitled the appellant, for that cause alone, to a new trial. The misbehavior, to amount to cause for a new trial, must be gross, and probably have injured the complaining party. The evidence is in the record; we have carefully perused and re-perused it, and it has left on our minds a deep feeling of doubt as to the guilt of the accused, *Whelchell;* yet, were the instructions of the court unobjectionable, we might not feel at liberty to express a dissent from the conclusion of the jury. But the instructions are against the law as laid down by this court in the case of *French* v. *The State,* 12 Ind. 670; and in that of *Polk* v. *The State,* 19 Ind. 170.

A defendant in a criminal case is not a competent witness in his own behalf. *Hoagland* v. *The State,* 17 Ind. 488.

The judgment is reversed, and warden of state prison will be notified to return prisoner to jail of *Howard* county, to await another trial.

*John Green,* for appellant.

*J. A. Harrison,* for appellee.