FLATTER *v.* McDERMITT.

MISCONDUCT OF JURY.—The misconduct of a juror which will furnish a ground for a new trial must be gross, and probably have injured the complaining party.

MISCONDUCT OF ARBITRATORS.—Arbitrators must act fairly, but their intercourse with the parties or with strangers on the subject of the arbitration, untainted with unfairness or fraud, cannot affect their award.

APPEAL from the *Blackford* Common Pleas.

GREGORY, J.—The case in judgment is under consideration in this court for the second time. 15 Ind. 389. It is now urged that the court below erred in not setting aside the award on the ground of the misconduct of the appellee and one of the arbitrators. Issues of fact were made and tried by the court. A motion for a new trial was over-

ruled, and final judgment rendered on the award. The evidence of the misconduct complained of was before the court below and the finding was against the appellant.

One of the grounds for setting aside an award, provided for by the statute, is "That the arbitrator or arbitrators was, or were, guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown, or in refusing to hear evidence material and pertinent to the controversy, or any other misbehavior by which the rights of any party shall have been prejudiced." 2 G. & H., § 16, clause 2, p. 346.

It appears that the two arbitrators selected by the parties could not agree; they selected a third, one *Hughes*. *McDermitt* went for him, and as they were returning to the place of meeting, before *Hughes* was sworn, and before he entered upon his duties, *McDermitt* pointed out to him the premises to which the controversy related. There was no evidence before the court to show that the rights of *Flatter* had been prejudiced by this conduct of *McDermitt* and *Hughes*.

The rule recognized by this court in the case of jurors, is that the misconduct, to amount to a cause for a new trial, must be gross, and probably have injured the complaining party. *Whelchell* v. *The State*, 23 Ind. 89; *Harrison* v. *Price*, 22 Ind. 165.

Arbitrators are selected out of court; their proceedings are open; they do not retire under a sworn bailiff to consider of their verdict. They are more like the judges of a court than jurors. They must act fairly, but their intercourse with the parties or strangers on the subject of the arbitration before them, untainted with unfairness or fraud, cannot affect their award. This is the only question argued in the brief of the appellant, and no other has been considered by us.

The judgment is affirmed, with costs.

*J. Brownlee*, for appellant.

*W. March*, for appellee.