Carter *et al. v.* The Ford Plate Glass Company *et al.*

———————◆———————

No. 9890.

CARTER ET AL. *v.* THE FORD PLATE GLASS COMPANY ET AL.

PLEADING.—*Fraud.*—In a suit for relief against fraud, the complaint alleging actual fraud and facts amounting to constructive fraud, an answer denying the actual fraud and the facts amounting to constructive fraud, is good on demurrer.

SAME.—*Duplicity.*—Duplicity is no ground of demurrer under the code.

SAME.—*Argumentative Denial.*—There is no error in overruling a demurrer to a paragraph of answer amounting to an argumentative denial, the general denial being also pleaded.

JURY.—*Misconduct.*—*Verdict.*—*New Trial.*—After the jury had been instructed and placed in charge of a bailiff, some of them, understanding erroneously that the court had given them a short recess, separated from the rest; one drank a glass of beer, producing no intoxication; they held no conversation with any one about the case, and in four minutes all were in the jury room, where they stayed until the verdict was agreed upon. *Held,* that there was no cause for a new trial.

CORPORATION.—*Stockholder.* - *When May Sue.*—*Parties.*—A stockholder in a corporation may bring suit when the corporation refuses, it being made a party defendant; in such a suit the corporation is the real beneficiary if the suit be successful.

From the Clark Circuit Court.

*J. K. Marsh* and *C. L. Jewett,* for appellants.

Carter *et al. v.* The Ford Plate Glass Company *et al.*

FRANKLIN, C.—Appellants, as stockholders in the Ford Plate Glass Company, sued said company and the other appellees, alleging that the said other appellees, John Adams, John F. Read, Simon Goldback, Jonas G. Howard, Warren Horr, Edward Ford and James Burke, were stockholders and officers in the said Ford Plate Glass Company; that they conspired together with certain other persons, to wit, Patrick Heron, Abraham Fry, Felix R. Lewis and Edward Howard, to fraudulently sell and dispose of, for their benefit, all of the property of the said Ford Plate Glass Company; and, as a means for accomplishing said purpose, fraudulently organized another corporation, under the name of the Jeffersonville Plate Glass Company, and then fraudulently caused the said Ford Plate Glass Company to fraudulently convey to said Jeffersonville Plate Glass Company all of said property, for the nominal sum of $10,000; and, for the further fraudulent purpose of procuring an additional title to said property, fraudulently caused a judgment and decree of foreclosure of a mortgage upon certain outstanding bonds to be rendered against said Ford Plate Glass Company for the sum of $61,137; and, upon the sale of said property by the sheriff, they bid the same in, in the name of said Jeffersonville Plate Glass Company, for the sum of $63,000; that no part of the purchase-money of either of said purchases was paid, except enough to pay the costs of the judicial sale; that, to further consummate their said fraudulent purpose, they re-mortgaged all of said property to secure the payment of $100,000 in bonds issued by the said Jeffersonville Plate Glass Company, and disposed of said bonds; that the said Ford Plate Glass Company was in the hands of its enemies, who would not cause suit to be brought for the purpose of setting aside said fraudulent transactions. Wherefore these plaintiffs sue on behalf of themselves and all other such stockholders as may desire to join, and pray that the said sales and judgment and decree be set aside, that there be an accounting, that a receiver be appointed pending litiga-

tion, and that said defendants be enjoined from further disposing of or in any manner intermeddling with said property.

To this complaint the defendants, the Jeffersonville Plate Glass Company, John Adams, as trustee, and John Adams and Warren Horr, as trustees, filed separate answers, each consisting of a general denial, with special paragraphs. The other defendants filed a general denial. Demurrers were filed to each of the special paragraphs. Overruled, and exceptions reserved. Replies in general denial were filed. The cause was tried by a jury, and a verdict returned for the defendants. Over a motion for a new trial, judgment was rendered for defendants.

The errors assigned in this court are upon the rulings on the demurrers and the motion for a new trial.

The bill of exceptions filed only sets forth the affidavits in support of one of the reasons for a new trial, which charged misconduct on the part of some of the jurors.

The evidence and instructions are not in the record. Appellees have not favored us with any brief, and appellants have principally discussed the sufficiency of the special paragraphs of the answer of the Jeffersonville Plate Glass Company.

The answer of the Ford Plate Glass Company is deemed unimportant, for the reason that this company was beneficially the plaintiff, and was only made a party in order to conclude it by the litigation. The only theory upon which appellants are allowed to maintain this action is, that the Ford Plate Glass Company, whose duty it was to bring and prosecute the suit, was in the hands of its enemies, and therefore could not sue. For that reason, the appellants, being stockholders of the alleged defrauded company, are allowed to sue, the company being the real beneficiary if the suit is successful. Angell and Ames Corp., section 312 ; Field Corp., section 407 ; *Davenport* v. *Dows,* 18 Wal. 626 ; *Dodge* v. *Woolsey,* 18 Howard, 331 ; *Bronson* v. *LaCrosse, etc., R. R. Co.,* 2 Wal. 283 ; *Bissell* v. *Michigan, etc., R. R. Co.,* 22 N. Y. 258 ; *Western R. R. Co.* v. *Nolan,* 48 N. Y. 513 ; *French* v. *Gifford,* 30 Iowa, 148 ; *Wright* v. *Oroville, etc., Co.,* 40 Cal. 20.

The Jeffersonville Plate Glass Company being the most prominent defendant, and the real party in interest, we first consider its answer. The second paragraph is substantially as follows: It admits the corporate existence of the Ford Plate Glass Company; that its capital was $150,000; that the plaintiffs were stockholders therein; that it was engaged in manufacturing plate glass, and owned certain property; and avers that at the time of the transactions complained of it owed the sum of $62,000, on bonds and interest, and that its property was not worth over $35,000; that it owed divers other sums, aggregating in all $149,888.78, most of which was overdue and bearing interest; and that an outlay of $40,000 was then necessary for machinery and repairs; and that said corporation, on the 10th day of February, 1880, was without means or credit; numerous suits were being commenced, and judgments rendered against it; that the interest on its bonds had been unpaid for three years for the want of means to pay it, and it was apparent to the officers and stockholders thereof that it could not longer carry on its business; and that unless some adjustment should be promptly effected all of its property and assets would shortly be sacrificed, and its creditors, and all other persons interested in the said company, would be subjected to great loss and damage; that at that time the secured indebtedness alone largely exceeded the total value of its property, assets and franchises; that the shares of the stockholders then were and now are of no value whatever, and are entirely worthless; that the Jeffersonville Plate Glass Company was organized for the purpose of the manufacture and sale of plate glass, and it denies that the organization was made for the fraudulent purpose charged in plaintiffs' complaint, or for any fraudulent purpose whatever, but the organization was made and effected in good faith and for lawful purposes only.

That on the 10th day of February, 1880, the board of directors of the said Ford Plate Glass Company, honestly believing and knowing that the business of the said last men-

tioned company could not longer be carried on, and that the interest of its unsecured creditors and stockholders would be promoted thereby, in good faith sold, and caused to be conveyed unto the said Jeffersonville Plate Glass Company, all of the property, real and personal, of the said Ford Plate Glass Company; and, in consideration of such sale and conveyance, the Jeffersonville Plate Glass Company paid to the Ford Plate Glass Company the sum of $12,000, and agreed and bound itself to pay out of the profits of its said business the interest upon all of the endorsed paper, notes and bills of exchange before that time executed by the said Ford Plate Glass Company then outstanding; then, if anything remained after such payment and the payment of the interest on the bonded debt of the said Jeffersonville Plate Glass Company, that the said last named company would pay the principal of the said endorsed paper, notes and bills, estimated at $42,-000; that the said Jeffersonville Plate Glass Company would issue to all of the creditors of the said Ford Plate Glass Company, who would accept the same, stock of the said Jeffersonville Plate Glass Company, at its par value, in payment of said indebtedness; and that, in the event of the refusal of any creditor or creditors of the said Ford Plate Glass Company to take such stock, then the said Jeffersonville Plate Glass Company would, as soon as it should become able to do so, after the payment first mentioned, pay all of said claims against said Ford Plate Glass Company in full in money; that at said time the said property, real and personal, was subject to the lien of a mortgage to Adams and Horr, trustees, amounting to $62,000, and to other liens and judgments amounting to the further sum of $25,000, and that the said mortgage debt was due, and the interest thereon due for three years was unpaid. The said defendant denies that the said John F. Read procured or employed an attorney to foreclose the said mortgage so executed by the said Ford Plate Glass Company to the said Adams and Horr, trustees; and it avers that said Adams and Horr, trustees as aforesaid,

in consequence of the default of the said Ford Plate Glass Company in the payment of the interest upon the said bonds for three years, at the request of certain of the holders of the said bonds, and in pursuance of the terms and conditions of their said trust, caused the said suit to be instituted in good faith and without collusion with any person or persons, and the said John F. Read, as the president of the said Ford Plate Glass Company, for no other purpose than to save the expense of the issuing and service of process, did in good faith cause the appearance of the said Ford Plate Glass Company to be entered to said suit. No defence, legal or equitable, existed as against the trustees or bondholders in said suit, and upon the trial thereof the court found for the plaintiffs, and rendered judgment therein for the sum of $61,737.78, with costs, and entered a decree of the foreclosure of the mortgage, and an order to sell the property, real and personal, described in the mortgage, which was afterwards duly sold by the sheriff to the Jeffersonville Plate Glass Company for the sum of $63,000, the sale was made on the 3d day of July, 1880, and which said sum the Jeffersonville Plate Glass Company fully paid to the sheriff of said county, and to the said trustees, and to the holders of the bonds secured by the said mortgage, that sum being the highest bid therefor; that said property was not redeemed, and on the 3d day of July, 1881, said defendant received from the sheriff a deed for the same.

And this defendant, further answering, says that the said defendants, John F. Read, Simon Goldback, Jonas G. Howard, Warren Horr, Edward Ford, James Burke and the Jeffersonville Plate Glass Company did not, nor did any of them, in, by or through any of the proceedings or transactions aforesaid, secure or attempt to secure to any of the officers or shareholders of the said Ford Plate Glass Company any profit or advantage that could not or was not to be obtained and enjoyed by any and all others of the shareholders of the said Ford Plate Glass Company, upon the same terms and conditions; and it was expressly agreed and provided by the said

Jeffersonville Plate Glass Company, that all of the shareholders of the said Ford Plate Glass Company, who desired to become interested in the said Jeffersonville Plate Glass Company, might and should do so, and that, on the request of any such shareholder or shareholders, stock to the amount of fifty per centum of the amount such shareholder held in the Ford Plate Glass Company should be issued and transferred to such shareholder by said Jeffersonville Plate Glass Company, on the condition that such shareholder should take bonds of the said Jeffersonville Plate Glass Company, at their par value, to the amount of one-half of the stock so to be issued and transferred; and the said plaintiffs, and all other shareholders of the Ford Plate Glass Company, may yet be admitted upon the same terms; that, after the said purchases by this defendant, it caused to be issued under its corporate seal 525 bonds, amounting in the aggregate to $100,000, payable fifteen years after date, and bearing interest at the rate of eight per cent. per annum, payable semi-annually; and caused a mortgage upon all the real estate and personal property to be duly executed to secure the payment of said bonds and interest, and that, long before the commencement of this suit, all of the said bonds were sold and disposed of by the said Jeffersonville Plate Glass Company, in good faith and for valuable considerations paid to the said Jeffersonville Plate Glass Company, by the purchasers thereof, who took the said bonds in good faith and without notice of any infirmity therein; and that all of the said bonds are yet outstanding and unpaid; that, ever since said purchase, said defendant has been operating said glass works, and has expended upwards of $20,000 for new machinery and other improvements; that it has entered into divers contracts and engagements with third persons, which engagements are yet unperformed and in full force, and, on the faith of its ownership of said property, it has contracted debts to the amount of $150,000; and that divers persons, with no notice of any of the matters and things stated in plaintiffs' complaint, have purchased and now hold

Carter *et al. v.* The Ford Plate Glass Company *et al.*

shares of the capital stock of the said Jeffersonville Plate Glass Company; that the entire paid-up capital stock of the Ford Plate Glass Company is $85,900; that the plaintiffs are the owners of $9,000 of said stock, and that the owners of over $70,000 of said stock expressly authorized and requested the officers and directors of the said Ford Plate Glass Company to make the sale aforesaid, for the reason that such sale, conveyance and transfer were necessary for the protection of the interests of the creditors of said Ford Plate Glass Company, and to prevent further loss, damage and personal liability to and of the shareholders of said company; that all the proceedings, sales, conveyances, acts and things of which said plaintiffs have complained, were made and executed and occurred in the months of February and March, 1880, and that said plaintiffs had notice of the same; that the said plaintiffs made no objection to the said proceedings, sales, conveyances and acts of the said Ford Plate Glass Company, its officers, directors and agents, but acquiesced in the same for the space of seven months, during all of which time the said Jeffersonville Plate Glass Company was engaged in said business, contracting new obligations and making improvements as aforesaid, on the faith of its ownership of all of said property; that the public generally were and have been dealing in its bonds, bills, stock and credit, and the said plaintiffs, by their silence and acquiescence, caused it to be understood and believed by the defendants and each of them, that they, the said plaintiffs, sanctioned, approved and assented to and ratified all that the said defendants, and each of them, had done in the premises; and that the plaintiffs can not now be permitted to disaffirm the said acts and proceedings without manifest injury, damage and injustice to these defendants; and they deny all, and all manner of combination and confederacy, wherewith they are by the plaintiffs' complaint charged; and they deny every other matter, cause or thing in the said complaint alleged, and not herein expressly admitted to be true, etc.

The third paragraph of the answer sets up its organization

as a corporation, on the 10th day of February, 1880, the exe- cution of the bonds and mortgage to secure their payment by the Ford Plate Glass Company, the failure to pay the inter- est thereon, the foreclosure of the mortgage, and the sale of the property to this defendant. The facts are all in detail spe- cifically set forth, affirmatively alleging everything necessary to constitute a valid sale; averring that there had been no re- demption of any portion of the property, and it had received a deed for the same; and denying all collusion, conspiracy or fraud in any manner whatever, and every other allegation in the complaint not herein specifically answered, etc.

The authorities referred to by appellants in their brief upon the subject of constructive fraud can not be regarded as con- clusive in ruling upon a demurrer to the answers which deny the existence of fraud in fact, and the relative position of the parties, as alleged in the complaint, to constitute constructive fraud.

Had this defendant admitted in its answer the relative po- sition to both companies of some of the defendants, as charged in the complaint, and relied solely for a defence upon the sale made by the Ford Plate Glass Company to the Jeffersonville Plate Glass Company, a question of constructive fraud might be raised. But, in ruling upon a demurrer to an answer de- nying these allegations of the complaint, we can not say that constructive fraud existed in the transaction. But the second paragraph goes further, and sets up a judicial sale, and denies all fraud in that transaction, and then alleges that the stock- holders of about eight-ninths of the paid-up capital stock of the Ford Plate Glass Company requested said first sale and arrangement to be made; that plaintiffs acquiesced therein for more than seven months, and that in the meantime large in- vestments had been made and liabilities incurred to innocent parties, upon the faith of the validity of the transactions com- plained of, and that said plaintiffs ought now to be estopped from availing themselves of the matters herein complained of.

The paragraph may be double, but that is no reason for

Carter *et al. v.* The Ford Plate Glass Company *et al.*

sustaining a demurrer to it. If any one cause of defence is sufficiently set forth, the demurrer should be overruled. There was no motion made to divide it into separate paragraphs, nor to strike out any portion of it for not being a sufficient cause of defence.

We think this paragraph constituted a good defence to plaintiffs' cause of action; and for the same reasons we hold that the third paragraph of this answer was good.

Counsel for appellants in their brief admit that "the questions on the other answers are of slight importance;" and if they are only to be regarded as argumentative denials, there was no error in overruling the demurrers to them. And there was no error in overruling the demurrers to the second and third paragraphs of the answer of the Jeffersonville Plate Glass Company.

As the evidence is not in the record, the third reason stated in the motion for a new trial is the only one urged by appellants' counsel, and that is based upon an irregularity occurring at the trial, by some of the jurors separating from the others, after the court had charged them and they had been placed in charge of a sworn bailiff.

In support of this reason affidavits were filed on the part of the plaintiffs, and counter affidavits in explanation on the part of defendants, by which it appears that some of the jurors understood that when the court finished its charge to them it gave them a short recess, as it had frequently done before during the progress of the trial. Under this impression, two of them went down stairs to the back door of the court-house, and immediately returned; said nothing to any person, and no person said anything to them; one of the jurors went out of the court-house and went to a saloon and drank a glass of beer; while there was asked what was his hurry? He answered that he was on the jury, and had to hurry back, and immediately returned to the jury room, which was all that was said by or to him, or done by him while absent. The jurors were all in the jury room and in charge of the bailiff

within four minutes after the court had finished its charge to them, where they remained in charge of the bailiff until the verdict was completed.

The evidence shows that no attempt was made by any person to tamper with either of the jurors while absent, and that the one who had taken a glass of beer was not perceivably intoxicated thereby, nor in the least disqualified from discharging his duties as a juror in the case.

This was not a sufficient irregularity to require the verdict to be set aside and a new trial granted. *Pratt* v. *State*, 56 Ind. 179; *Barlow* v. *State*, 2 Blackf. 114; *Porter* v. *State*, 2 Ind. 435; *Stutsman* v. *Barringer*, 16 Ind. 363; *Creek* v. *State*, 24 Ind. 151. The misconduct of a juror, in order to be sufficient to justify the granting of a new trial, must be gross, and must have resulted in probable injury to the complaining party.. *Harrison* v. *Price*, 22 Ind. 165; *Whelchell* v. *State*, 23 Ind.. 89; *Medler* v. *State, ex rel. Dunn*, 26 Ind. 171.

The motion having been submitted to the court upon the affidavits on both sides, and decided by the court in favor of appellees, we think the evidence sustained the decision of the court, and that there was no error in overruling the motion.

The judgment of the court below ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is in all things affirmed, with costs.