De Hart v. Etnire.

Filed Dec. 11, 1889.

---

No. 13,910.

## DE HART v. ETNIRE.

PRACTICE.— *Uncertainty in a Complaint.*—*Remedy.*—A motion to make more specific, and not demurrer, is the remedy for uncertainty in a complaint.

MISCONDUCT OF JURY.— *Verdict.*—To authorize the setting aside of a verdict on account of the misconduct of the jury it must appear that such misconduct was gross, and resulted in a probable injury to the party complaining.

SAME.—*Conflicting Affidavits.*—*Supreme Court.*—Where the affidavits with reference to alleged misconduct of the jury are conflicting, the Supreme Court will not disturb the conclusion reached by the trial court.

From the Warren Circuit Court.

*J. G. Pearson* and *E. Stansbury,* for appellant.

*J. McCabe* and *E. F. McCabe,* for appellee.

COFFEY, J.—This was an action, in the circuit court, by the appellee against the appellant, a practising physician and surgeon, for malpractice.

A demurrer to the complaint was overruled, and the appellant excepted.

Issues formed, trial by jury, verdict and judgment for the appellee.

The errors assigned here are :

*First.* That the circuit court erred in overruling the appellant's demurrer to the complaint.

*Second.* That the circuit court erred in overruling the appellant's motion for a new trial.

The complaint in the cause seems to have been copied from the complaint set out in the case, *Coon* v. *Vaughn,* 64 Ind. 89. It is urged that the complaint is bad for a failure to aver in what particular the appellant was negligent in the performance of his duties as a physician and surgeon ; but the complaint in the case above cited was held good by this court, and we see no good reason for departing from the ruling in that case. The remedy for uncertainty is by motion to make more specific, and is not reached by a demurrer. The complaint, in our opinion, states a cause of action against the appellant.

The fourth reason assigned by the appellant in the circuit court for a new trial, was as follows :

" 4. On account of the misconduct of the jury in this: That the jury, without any evidence of that fact, took into consideration and discussed the fact that the defendant was insolvent, and that a judgment against him would be harmless ; and that said jury would not have agreed upon a verdict for the plaintiff if that fact had not been considered, as shown by the affidavit of the bailiff of said jury filed herewith, and made a part hereof."

The affidavit of the bailiff is filed with the motion, in which it is stated that the jury in its deliberations discussed and argued as a fact that the appellant was insolvent, and that a judgment against him would be harmless ; and that, in the opinion of the affiant, had it not been for such fact the jury would not have made the verdict returned by it into court.

The appellee filed the counter-affidavits of five of the

jurors, in which they deny, inferentially at least, that it was said or urged that a verdict against the appellant would be harmless on account of his insolvency. Three of these affidavits disclose the fact that all of the jurors, upon the first ballot, voted in favor of finding a verdict for the appellee, but that there was a difference of opinion as to the amount of damages to which the appellee was entitled; the amount ranging from five dollars up to two thousand dollars, and that the insolvency of the appellant was urged by some of the jurors as a reason why those in favor of a large verdict should agree to a smaller one. The affidavits of two of the jurors is to the effect that some one suggested the insolvency of the appellant, but such insolvency was regarded as a matter of no importance, and had no influence whatever on the deliberations of the jury, and did not in any degree influence the verdict.

To authorize the setting aside of a verdict on account of the misconduct of the jury, it must appear that such misconduct was gross, and resulted in a probable injury to the party complaining. *Harrison* v. *Price*, 22 Ind. 165; *Whelchell* v. *State*, 23 Ind. 89; *Flatter* v. *McDermitt*, 25 Ind. 326; *Medler* v. *State*, 26 Ind. 171; *Long* v. *State*, 95 Ind. 481.

The evidence given on the trial of the cause is not in the record, and we have no means of knowing its character. The affidavits upon the subject of the misconduct of the jury are conflicting, and the court trying the cause and hearing the evidence may have reached the conclusion that the jurors who testified that the insolvency of the appellant was regarded as of no importance by the jury, and had no effect upon the verdict, told the truth.

Where the affidavits, in matters like this, are conflicting, this court will not disturb the conclusion reached by the trial court. *Clayton* v. *State*, 100 Ind. 201; *Epps* v. *State*, 102 Ind. 539.

If the court believed the affidavits filed by the two last jurors named, it did not err in overruling the motion for a

new trial. We do not desire to be understood as deciding that the fact that a jury should consider the solvency or insolvency of a litigant in making a verdict, in a case where such fact was not proper to be considered, would not be such misconduct as would authorize the setting aside of their verdict, reached by such a consideration ; but what we do decide is that it does not appear in this case that any such consideration affected the verdict in the case before us.

Judgment affirmed.

Filed Dec. 11, 1889.