## STAMETS ET AL. *v.* MITCHENOR ET AL.

[No. 20,472.    Filed October 12, 1905.    Rehearing denied January 4, 1906.]

1. APPEAL AND ERROR.—*Several Exception to Joint Motion.— Joint Assignment.*—A joint assignment on appeal properly presents any error of the trial court in overruling a joint motion for a new trial, though the parties to said motion excepted severally. p. 674.

2. SAME. — *Supreme Court Rules. — Good-Faith Attempt to Comply. — Briefs.* — Where appellants have made a good-faith attempt to comply with the Supreme Court rules in the preparation of their brief, insubstantial defects will be disregarded. p. 675.

3. WILLS.—*Testamentary Contracts.—Soundness of Mind.—Rule.* —Where an action was brought to resist the probate of a will and a testamentary contract on the grounds of unsoundness of mind and undue influence, the test of mental capacity applicable is that of a testator and not that of a party to a contract *inter vivos.* p. 675.

4. APPEAL AND ERROR.—*Supreme Court Rules.—Briefs.—Waiver.* —All questions not discussed in appellants' brief are waived. p. 675.

Stamets *v.* Mitchenor—165 Ind. 672.

5. TRIAL. — *Instructions.* — *Wills.* — *Undue Influence.* — *Friendly Relations.*—*Presumption.*—Where it is shown that close and friendly relations exist, especially when founded upon kinship, between the testator and the objects of his bounty, the presumption is that such facts show a rational explanation of the generous provisions of the will, and not undue influence. p. 675.

6. APPEAL AND ERROR.—*Instructions.*—*Tender of.*—*How Shown.* —In order to reserve any question on the refusal to give a tendered instruction, the complaining party must affirmatively show by the record that he tendered such instruction before the commencement of the argument, a statement that it was tendered "at the proper time" being a conclusion. p. 676.

7. TRIAL.—*Instructions.*—*Wills.*—*Soundness of Mind.*—An instruction that to enable testator to make a valid will she must have possessed, at the time of its execution, a sufficient mental capacity to enable her to understand and act with discretion in the ordinary affairs of life, is not applicable to an action to resist the probate of a will. p. 677.

8. EVIDENCE.—*Undue Influence.*—*"Signs of."*—It is not reversible error to permit defendants in an action to resist the probate of a will on the grounds of mental unsoundness and undue influence to ask a witness, present at the execution of such will, whether he noticed "any signs of undue influence," especially when plaintiffs had the right on cross-examination to show the facts and eliminate the witness's opinions. p. 677.

9. APPEAL AND ERROR.—*New Trial.*—*Misconduct of Juror.*— *Weighing Evidence.*—Where plaintiffs in their motion for a new trial, supported by affidavits, allege that a juror expressed his opinion on the merits before all of the evidence was introduced, and defendants file such juror's affidavit in denial thereof and the court finds against plaintiff on such issue, the Supreme Court will not disturb such finding, especially where it does not appear that such alleged misconduct in any way affected the result of the case. p. 678.

From Dekalb Circuit Court; *William M. Brown,* Special Judge.

Action by Zenith Stamets and others against Benjamin Mitchenor and others. From a judgment for defendants, plaintiffs appeal. *Affirmed.*

*P. V. Hoffman* and *J. E. Rose,* for appellants.
*J. E. Pomeroy* and *E. V. Harris,* for appellees.

MONTGOMERY, J.—This action was brought by appellants to resist the probate of the will of Ann Maria Stamets, on the ground that said will was executed by the testatrix while of unsound mind, and that the execution of the same was procured by fraud and undue influence. The cause was tried by a jury, and resulted in a verdict for appellees. Appellants' joint motion for a new trial was overruled, and they severally excepted. Judgment was entered upon the verdict. All questions upon appeal are presented by the joint assignment that the court erred in overruling appellants' motion for a new trial.

Appellees insist that a joint assignment of error, based upon several exceptions to the ruling upon the motion for a new trial, presents no question. If separate motions for a new trial had been filed, and exceptions to the court's rulings thereon taken by appellants severally, it is well settled that appellants could not join in assigning such error in this court. In this case appellants all joined in the motion for a new trial, and all excepted to the ruling thereon, but the record indicates an attempt to sever in reserving such exception. The assignment of error is predicated upon a ruling procured by the joint act of all the appellants, and a decision which affected in like manner all their rights and interests, and to which they all, though severally, excepted. These facts distinguish this case from those cited and relied upon by appellees, and in our opinion make the assignment of error sufficient. *Orton* v. *Tilden* (1887), 110 Ind. 131; *Green* v. *Brown* (1896), 146 Ind. 1.

The motion for a new trial was founded upon alleged errors of the court in giving instructions, in refusing to give instructions requested, and in permitting a witness for appellees to answer an improper question, and upon the alleged misconduct of a juror.

Appellees challenge the sufficiency of appellants' brief in various particulars. A strict application of the rules would probably exclude some points in dispute from consideration, but it is manifest that appellants have made a good-faith effort to comply, and have substantially complied with our rules in the preparation of their brief, and the defects suggested will be disregarded, without discussion in detail.

Preliminarily to a consideration of instructions given and refused, it is deemed proper to say that this action was brought only to resist the probate of a will. In the second paragraph of complaint a certain contract in writing made by the decedent is charged to be of testamentary character and executed with the formalities appropriate to a will, and its right to be admitted to probate as a will is denied on the ground of unsoundness of mind of the decedent, and because of fraud and undue influence in procuring its execution. The action was in no sense one to rescind, annul or cancel this contract. The test of mental capacity applicable to the decedent at the time of making her will and this testamentary contract, under the issues, was therefore that required of a testator, and not that applicable to a party to a contract *inter vivos*.

The only instructions given by the court of which complaint is made in appellants' brief under the head of points and authorities or in argument are numbers twenty-seven and thirty-four. The objections of appellants to all other instructions given must be regarded as waived.

Instruction number twenty-seven was as follows: "If you find from the evidence that the testatrix lived in the same dwelling-house with the defendants, and was under the care and protection of the defendants, and close, friendly and intimate relations existed between said parties when said will and contract were made, such

facts of themselves, unaided by other evidence, I instruct you, afford no reason whatever for presuming that the execution of the will and contract were procured by undue influence." Instruction number thirty-four was to the same general effect. These instructions were clearly right. The mere existence of close and friendly relations between a testator and the objects of his bounty can not alone give rise to a presumption of undue influence. Such relations, especially when founded upon kinship, rather afford a natural and rational explanation of the generous provisions of a will made in favor of those who had won and held the affections of a testator in his lifetime. *Goodbar* v. *Lidikey* (1893), 136 Ind. 1, 43 Am. St. 296.

Appellants tendered a number of instructions to be given to the jury, all of which were refused by the court. The ground of the court's refusal is not made to appear.

6.   The special bill of exceptions recites that appellants "at the proper time drew up in writing and presented to the court instructions," etc. The statute requires a party requesting special instructions to present them to the court before the commencement of the argument. An appellant, complaining of the refusal to give instructions requested, must show affirmatively by the record that such instructions were tendered to the court in proper form before the beginning of the argument, to warrant this court in holding that such refusal was error. *Puett* v. *Beard* (1882), 86 Ind. 104; *Craig* v. *Frazier* (1891), 127 Ind. 286. The particular time in the progress of the trial at which such instructions were tendered should be made to appear as a fact, so that this court may be able to say whether they were presented within the time prescribed by law. *Orton* v. *Tilden, supra.* In this case we shall only express our disapproval of the use of the legal conclusion in lieu of the facts, and, in view of the conclusion reached, are not required to hold that the bill is insufficient in this regard.

The court, in a series of forty-one instructions, informed the jury fully upon every phase of the law apparently applicable to the case. In these instructions the court defined, in terms approved by this court in a number of decided cases, the degree of mental capacity requisite to the making of a valid will. Appellants insist that instructions tendered, to the effect that at the time of executing the will and contract in question the decedent was required to possess such a degree of mental capacity as enabled her to understand and act with discretion in the ordinary affairs of life, should have been given. We have already stated that this suit is to resist the probate of a will, and does not involve any question to which such instructions would be applicable. The instructions given by the court on its own motion correctly stated the law by which the jury, under the issues, should be governed in determining the mental condition of the decedent at the time of executing the writings assailed. We can not within reasonable limits discuss each of the instructions tendered, but must be content with the general statement that the subject-matter of the greater number of them was fully covered by the instructions of the court, while others do not appear to be applicable to the issues, and others are palpably incorrect statements of the law. No error was committed in the refusal of the court to give these instructions.

Appellees were permitted, over appellants' objection, to ask a witness the following question: "Did you, during the time you were there, and while the contract and will were being executed, notice any signs of undue influence?" The form of this question is not to be commended, as the information sought might to some degree involve an opinion of the witness. The witness was not asked whether there was any undue influence used, but merely what, if any, signs of undue influence he saw or noticed. Appellants, by cross-examination, could exhibit the

facts more fully, and demonstrate whether the answer of witness was in any respect based upon an opinion. It is apparent that no harmful error was committed, if the ruling of the court in permitting this question to be answered was in any sense erroneous. *Taylor* v. *Pegram* (1894), 151 Ill. 106, 37 N. E. 837; *Boyle* v. *State* (1886), 105 Ind. 469, 55 Am. Rep. 218; *Baker* v. *Comins* (1872), 110 Mass. 477; *Nash* v. *Hunt* (1874), 116 Mass. 237.

It is alleged in appellants' motion for a new trial, and the allegation is supported by affidavits, that one of the jurors expressed his opinion upon the mer-

9. its of the case to an outside party before the introduction of evidence had been concluded. This juror's affidavit was filed in opposition to the accusation, in which he explained the conversation mentioned and denied having revealed his opinion of the case in advance of the return of the verdict. In the case of *Harrison* v. *Price* (1864), 22 Ind. 165, a similar occurrence was alleged as a cause for a new trial, and this court said: "We do not think any cause is here shown which would justify a court of error in reversing the judgment of the court, which heard the evidence and was satisfied with the verdict." The general rule is that misconduct of a juror must be gross and clearly appear to have injured the complaining party, to justify the granting of a new trial. *Carnahan* v. *Schwab* (1891), 127 Ind. 507; *Long* v. *State* (1884), 95 Ind. 481; *Carter* v. *Ford Plate Glass Co.* (1882), 85 Ind. 180; *DeHart* v. *Etnire* (1889), 121 Ind. 242; *Flatter* v. *McDermitt* (1865), 25 Ind. 326.

It is also well settled that where a motion for a new trial is based upon the alleged misconduct of a juror, and the trial court hears evidence, either orally or by affidavits, touching such misconduct, its conclusion upon conflicting statements will not be disturbed by this court upon the weight of such evidence. *Hinshaw* v. *State* (1897), 147 Ind. 334, 379; *Louisville, etc., R. Co.* v. *Hendricks* (1891),

128 Ind. 462; *Keyes* v. *State* (1890), 122 Ind. 527; *Epps* v. *State* (1885), 102 Ind. 539, 556; *Long* v. *State* (1884), 95 Ind. 481; *Weaver* v. *State* (1882), 83 Ind. 289; *Holloway* v. *State* (1876), 53 Ind. 554. It does not appear in any way that the alleged misconduct of this juror affected the result of the case or harmed appellants, and upon the affidavit of the juror denying the fact and declaring that he fairly tried the cause and rendered his verdict entirely upon the law and the evidence, we can not disturb the decision of the trial court in denying appellants a new trial upon the ground of misconduct of a juror.

No reversible error appearing from the record, the judgment is affirmed.